### JONES v. THE STATE. (Two cases.)

1. The Supreme Court will dismiss the writ of error based upon a bill of exceptions assigning error upon the overruling of a demurrer to an indictment, when it appears that after such bill of exceptions had been sued out a nolle prosequi was, in the court below, entered upon the indictment.
2. It does not follow, because a criminal case was called for trial on the day after that upon which the bill of indictment was returned, that the accused had not had sufficient opportunity to prepare for his defense, when it appears that he had for some time been under indictment for the identical offense charged in that indictment, and that it in fact took the place of a previous indictment upon which a nolle prosequi had been entered.
3. An indictment good in substance will not be quashed upon a demurrer which in mere general terms characterizes it as "vague, uncertain, and indefinite," without pointing out any particulars in which it is so.
4. The words, "contrary to the laws of said State, the good order, peace, and dignity thereof," appearing at the conclusion of an indictment, though apparently, in their grammatical connection referring to a preceding statement therein not relating to the commission of the act constituting the offense charged, will be held to apply to that act.
5. A special plea in abatement of an indictment, alleging the pendency against the accused of another indictment for the same offense, is certainly not good when the plea itself discloses that a nolle prosequi has been entered upon the former indictment.

Argued June 16, — Decided July 17, 1902.

Indictments for embezzlement. Before Judge Evans. Dooly superior court. March 13, 26, 1902.

*Allen Fort, W. J. Grace,* and *Anderson, Anderson & Thomas,* for plaintiff in error. *F. A. Hooper, solicitor-general,* contra.

LUMPKIN, P. J.  Lee B. Jones was indicted, in Dooly superior court, for embezzlement.  On the 13th day of March, 1902, during the February term of that court, a demurrer to the indictment, which he had filed, was overruled; and thereupon he sued out a bill of exceptions in which the only assignment of error was upon the refusal of the trial court to sustain the demurrer.  This bill of exceptions was certified on the 20th day of March, 1902.  On the 25th day of that month a special term of Dooly superior court was convened for the trial of criminal cases, and the solicitor-general, with the consent of the presiding judge, entered a nolle prosequi upon the indictment, and immediately presented the case anew to the grand jury in session at this special term, who on that date returned a new indictment for the same offense.  This indictment reads as follows: "Georgia, Dooly County.  The Grand Jurors selected, chosen, and sworn for the County of Dooly, to wit: . . In the name and the behalf of the citizens of Georgia, charge and accuse Lee B. Jones with the offense of embezzlement; for the said Lee B. Jones, on the 13th day of April, in the year 1898, in the county aforesaid, did then and there unlawfully and with force and arms, being then and there the president of the Naval Store and Lumberman's Bank, a corporation under the laws of Georgia, and located in said county and State, and having as such President the general management of the business and control of the funds of said corporation, and having as such president custody and control of money belonging to said corporation, did receive as such president, at divers times between May 2nd, 1896, and April 15th, 1898, various sums of money, the property of said corporation, aggregating the sum of $45,000, then and there entrusted to him as such President to be applied by him to the use and benefit of said corporation only, did then and there embezzle, steal, secrete, and fraudulently take and carry away said sum of $45,000, by then and there taking same out of said Bank from time to time from May 2nd, 1896, to April 13th, 1898, in cash, by then and there drawing out said moneys from said Bank from time to time from May 2nd, 1896, to April 13th, 1898, by checks, by then and there making and causing to be made false entries in the books of said Bank to cover the sums so secreted, stolen, and embezzled from said

Bank, and by other means unknown to the Grand Jurors, and all with intent to embezzle, steal, secrete, and fraudulently take and carry away the same. The fact that said Lee B. Jones had committed the above acts of embezzlement and had stolen, secreted, and carried away said $45,000, as above described, was not known until April 13th, 1898; but by the false and fraudulent conduct of said Lee B. Jones all these facts were concealed until said date, April 13th, 1898. The said Lee B. Jones having been indicted for this same offense, charged as having been committed at the same time, by the Grand Jury of Dooly County at the February Term, 1900, and the indictment then and there returned against him having been in open court, on the   day of March, 1902, nolle prossed on motion of the Solicitor-General on the grounds of certain informations: [?] Now, within six months from the date of said nolle prosequi, this indictment is preferred and returned. Contrary to the laws of said State, the good order, peace, and dignity thereof. F. A. Hooper, Solicitor-General. E. W. Bullock, prosecutor."

It does not appear that any objection to the entering of the nolle prosequi was made by the accused. On the 26th of March, the case of The State *v.* Jones, based on the new indictment, was called for trial, and the accused moved for a continuance on the grounds, (1) that, owing to the recent return of the indictment, he had not had a sufficient time to prepare for trial; and (2) that a named witness by whom he expected to prove certain facts material to his defense was absent. The State met the second ground of this motion by making admissions which rendered the presence of the witness unnecessary, and the motion was then overruled. The accused thereupon presented a demurrer to the indictment, of which the following is a copy: "The defendant in the above-stated case, Lee B. Jones, comes now and demurs to the bill of indictment in said case, and prays that the same be quashed upon the following grounds: 1st. — Because said indictment is so vague, uncertain, and indefinite in the portion thereof which seeks to charge said defendant with the offense of embezzlement that the jury can not understand therefrom the motive [?] and character of the offense charged, nor when, how, or in what manner the same was committed. 2nd. — Because said indictment is so vague, uncertain, and indefinite as to the offense charged that defendant can not intelligently prepare his defense thereto. 3rd.—Because said indictment does not follow the

form of indictment prescribed by statute, in that it does not allege that the facts set out constitute an offense against the final [?] laws of the State of Georgia, and does not allege that they are 'contrary to the laws of said State, the good order, peace, and dignity thereof.'" This demurrer was overruled. Before pleading to the merits, the accused filed a special plea in abatement, alleging the pendency of a previous indictment for the same offense, the indictment here referred to, as shown by the plea itself, being that first mentioned above. This plea was stricken, and the accused sued out a second bill of exceptions alleging error, (1) in refusing to grant him a continuance; (2) in overruling his demurrer to the second indictment; and (3) in striking his special plea in abatement.

1. The writ of error issued upon the first bill of exceptions must be dismissed. It could not be of any possible service or benefit to the plaintiff in error to reverse the judgment of the trial court in overruling the demurrer to the first indictment. Under no circumstances can the accused ever again be put on trial upon that indictment, for it has been finally and effectually disposed of in the manner above pointed out. There is no force in the argument that the jurisdiction of the superior court, after the suing out of the first bill of exceptions, was limited to a trial on its merits of the case made by that bill of indictment. That case was there to be disposed of by the court, its action thereon being subject to such judgment as might be rendered by this court in dealing with the ruling of the trial judge with respect to the demurrer to the indictment. It was conceded by the able counsel who presented the case here for the plaintiff in error, that had the case gone to trial and conviction in the lower court, and this court had affirmed the judgment overruling the demurrer, the conviction would stand. We can see no reason why the trial judge was not at liberty, pending the consideration by this court of the question made by the first bill of exceptions, to finally dispose of the case in any manner authorized by law. The Penal Code, § 801, declares that the solicitor-general "has authority, on the terms prescribed by law, to enter a nolle prosequi on indictments." Section 957 declares that: "After an examination of the case in open court, and before it has been submitted to the jury, the solicitor-general may enter a nolle prosequi with the consent of the court." The trial court, having full jurisdiction over the case, made a final disposition of it. This

52

disposition was none the less final, whether the judge correctly or incorrectly held, upon the facts made to appear to him by the solicitor-general, that the case was one in which it was proper and expedient to allow a nolle prosequi to be entered. With that question we have now no concern. Suffice it to say that the case is at an end, having been finally disposed of by a solemn judgment rendered in the lower court. That judgment was in favor of the accused, and by reason thereof he is as effectually secure from any further prosecution upon the first indictment as he would be were we to reverse the judgment of which he complains in the bill of exceptions first sued out in his behalf. This being so, we are not called upon to pass on the merits of the questions presented by that bill of exceptions.

2. There was clearly no error in refusing to grant a continuance. While the indictment on which the accused was actually tried had been returned but a day before the trial began, he had for a very considerable time been under indictment for the same offense, and appears to have been unable to assign any satisfactory reason for his statement that he was unprepared, because of lack of opportunity, to make a defense against the charge preferred against him.

3. The first and second grounds of the demurrer interposed to the second bill of indictment were in their nature decidedly loose and general. Neither of them pointed out in what respect the accused regarded the indictment as insufficient, or for what reason or reasons he felt authorized to characterize it as "vague, uncertain, and indefinite." It impresses us as being very much to the point. Certainly, it was good in substance, and therefore sufficient to withstand the general attack made upon it. It is true that in the brief of counsel for the plaintiff in error quite a number of specific criticisms upon the indictment are made and insisted upon; but whether or not the objections thus urged against it are well founded we do not attempt to decide, for the reason that they were not set up in the demurrer upon which he relied in the court below.

4. The ground of the demurrer which presents the point that the indictment does not conform to the statute, in that it fails to allege that the acts committed by the accused were "contrary to the laws of said State, the good order, peace, and dignity thereof," is really unworthy of notice. As will have been observed, the indictment does conclude with these very words; but it was, in effect,

insisted on the argument here that the intention of the pleader was to assert that the indictment itself was "preferred and returned contrary to the laws of said State," etc. We content ourselves with remarking, without further discussion, that we are not prepared to sustain this contention.

5. The special plea in abatement was properly stricken. It on its face disclosed that a nolle prosequi had been entered upon the first indictment before the second was returned; and it was therefore palpably not true, as in this plea asserted, that, "at the time said bill of indictment was found and returned, there was pending another bill of indictment for the same offense against the defendant."

*Writ of error in the one case dismissed; judgment affirmed in the other. All the Justices concurring, except Lewis, J., absent.*