## 61951. MOORE v. THE STATE.

DEEN, Presiding Judge.

Horace Moore appeals from his conviction of involuntary manslaughter in the commission of a lawful act in an unlawful manner following the denial of his motion for a new trial. This appeal, challenging the constitutionality of Code Ann. § 26-2910 (reckless conduct), was transferred to this court by the Supreme Court.

1. The constitutionality of Code § 26-2910 has been decided adversely to appellant's contention. *Horowitz v. State,* 243 Ga. 441 (254 SE2d 828) (1979). See also *Mitchell v. State,* 154 Ga. App. 399 (268 SE2d 360) (1980).

2. The trial court did not express an opinion in charging the jury, "Now members of the jury, voluntary intoxication by the use of alcohol is no excuse for crime." Appellant argues that the charge is unwarranted by the evidence and is calculated to mislead and confuse the jury under *Akin v. Patton,* 235 Ga. 51 (218 SE2d 802) (1975). The evidence showed that appellant admitted having a bottle of beer before he went to Ellison's home and that over a period of approximately two hours he drank an additional four ounces of liquor and had another beer. Although the arresting officer did not perform any tests for intoxication upon Moore, there is some evidence from which a jury could conclude that he might have been intoxicated. The

judge's charge is a paraphrase of the law as it is found in the last sentence of Code Ann. § 26-704 and we believe that the court was merely instructing the jury *if* they found intoxication, it would not be a valid defense. See *Rush v. State,* 137 Ga. App. 387, 389 (224 SE2d 39) (1976). Further, appellant has not shown how he was prejudiced by the charge.

3. It was not error for the trial court to fail to give appellant's timely written request to charge entitled "Criminal Conduct vs. Noncriminal Conduct." The requested charge differentiated voluntary manslaughter from a noncriminal killing in that in "the former negligence must be more than ordinary negligence which would be sufficient to authorize a recovery in a civil suit, and must go to the extent of being gross or culpable negligence, whereas in the latter (a noncriminal killing) there is an absence of culpable negligence in the performance of the lawful act which resulted in the death of a human being." The issue before the jury did not involve civil negligence and the evidence authorized a finding of involuntary manslaughter under either Code Ann. § 26-1101 (a) or (b). Both parts of the statute clearly define the acts which warrant a conviction and the jury was so charged. There is no merit in this enumeration.

4. It was not error for the court to fail to give appellant's requested charge on accident when the court's general charge incorporated all the principles of this defense. *Hand v. Hand,* 244 Ga. 41 (257 SE2d 507) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 19, 1981.

*Edward D. Tolley,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.