## 63499. STOREY v. THE STATE.

SOGNIER, Judge.

Theft by receiving stolen property. Two policemen on patrol observed appellant running down the railroad tracks in Dalton, Georgia about 2:00 a.m. One of the policemen got out of the car and ran after appellant; the other drove the police car around to intercept appellant. When appellant saw the police car he turned around and started back in the opposite direction, but was stopped immediately and arrested by the officer chasing appellant on foot. At the time of his arrest appellant was carrying two chain saws, later identified as two chain saws stolen in a burglary about a week earlier.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal, as the state did not prove that appellant knew, or should have known, that the property was stolen, and did not prove that appellant retained the property with the intent not to return it to the owner.

Code § 27-1802 (a) provides, in pertinent part: "Where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' as to the . . . offense . . . the court may direct the verdict of acquittal to which the defendant is entitled under the evidence . . . ." In the instant case the evidence did not demand a verdict of acquittal or not guilty. On the contrary,

appellant was arrested with recently stolen property in his possession. In theft by receiving cases, "unexplained possession of recently stolen goods can be used *in conjunction with other evidence* to infer guilty knowledge, but *standing alone* it will not support the inference or authorize a conviction." *Higginbotham v. State,* 124 Ga. App. 489, 490 (3) (184 SE2d 231) (1971); *James v. State,* 150 Ga. App. 357 (1) (258 SE2d 40) (1979). However, in the instant case there was other evidence to support an inference that appellant knew, or should have known, the chain saws were stolen. Appellant was running down the railroad tracks at 2:00 a.m., and when he saw the police car he turned and started walking in the opposite direction. When he was first observed running he had nothing in his hands; when he was apprehended he had the saws in his possession, which would warrant an inference that they were hidden somewhere along the railroad tracks and appellant picked them up. Further, the saws were brand new, in carrying cases with the warranty certificates still attached to the outside of the cases. These are sufficient "other circumstances," in conjunction with appellant's possession of the saws, to warrant an inference that he knew, or should have known, the saws were stolen. There was nothing to indicate that appellant intended to return the saws to their owner and intent, like knowledge, can be inferred from appellant's possession, together with all other circumstances. Code § 26-605; *Mercer v. State,* 146 Ga. App. 143, 144 (2) (245 SE2d 492) (1978). Thus, it was not error to deny appellant's motion for a directed verdict of acquittal.

2. Appellant contends it was error to deny his motion for a continuance to obtain counsel of his choice and that he was thereby denied effective assistance of counsel. Appellant entered a plea of guilty; when there was a dispute as to what the state had agreed to recommend as a sentence, appellant was allowed to withdraw his plea and enter a plea of not guilty. Claiming that his counsel had misrepresented the facts, appellant moved to dismiss his appointed counsel; when that motion was denied, appellant asked for a delay "until I could have opportunity to get me some representative on my own." This request was also denied, and appellant contends he was thus denied effective assistance of counsel.

In a similar case where the defendant asked his appointed counsel to withdraw because he "had not been pursuing it," we held that a defendant will not be permitted to use the discharge of counsel and employment of another counsel as a dilatory tactic in requesting a continuance. *Pope v. State,* 140 Ga. App. 643, 644 (2) (231 SE2d 549) (1976). "Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance."

Id., at 643-644.

The trial judge stated on the record that appellant's counsel had been appointed several weeks previously, and that "[h]e's had plenty of experience representing people in criminal court and I've never seen him come in here and not stand up and be an advocate for his client . . ." Appellant's counsel investigated the case, talked with the district attorney about a negotiated plea, cross-examined the state's witnesses thoroughly, and moved for a directed verdict of acquittal. Although appellant complains that he wanted to testify but his attorney advised against it, the court informed appellant that he would be allowed to testify if he so desired. Appellant chose not to do so. While another lawyer might have conducted appellant's defense in a different manner, the fact that his attorney chose to try appellant's case in the manner in which it was tried, and made certain decisions with which appellant disagreed, does not require a finding that counsel's representation was so inadequate as to amount to a denial of the effective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268, 269-270 (1) (167 SE2d 588) (1969). The constitutional right to assistance of counsel means not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render, and rendering, *reasonably effective assistance.* See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). Applying these standards to the instant case, we find no abuse of discretion in denial of the motion for a continuance, and it is clear that appellant was not denied his right to the effective assistance of counsel.

3. Appellant next contends the trial court erred by charging on flight, as there was no evidence of flight. However, appellant was running down the railroad tracks when first observed by the police. When appellant saw the police car drive up to intercept him, he turned and started to go in the opposite direction. Such evidence is sufficient to warrant a charge on flight. *Young v. State,* 149 Ga. App. 533, 536 (6) (254 SE2d 749) (1979).

4. Lastly, appellant contends the trial court erred by denying his motion for a mistrial because the state's closing argument was not confined to the facts of the case. The prosecuting attorney stated in closing argument that appellant knew all along where the property was located, as he was the one who hid the property and returned "to snatch up the property and take it home." Appellant moved for a mistrial on the ground that the district attorney was implying that appellant committed the burglary and knew where the saws were located. "Counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence, however illogical they may seem to the opposite party." *Haas v. State,* 146 Ga. App. 729, 730 (2) (247 SE2d 507)

(1978); *McAllister v. State,* 157 Ga. App. 158, 161 (4) (276 SE2d 669) (1981). The inference that appellant knew where the saws were hidden is supported by the evidence that when first observed running, appellant had nothing in his hands; when apprehended he was carrying the saws. This supports an inference that the saws were hidden somewhere along the railroad tracks and that appellant picked them up. Thus, the prosecuting attorney's remarks were warranted by the evidence, and the trial court did not err by denying appellant's motion for a mistrial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JUNE 30, 1982 —

*Harlan M. Starr,* for appellant.
*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.