68790. SEAWRIGHT et al. v. THE STATE.
(323 SE2d 704)

BENHAM, Judge.

Clarence Seawright, Steven Vonlinsowe, and Tony Seawright were tried together for rape, aggravated sodomy, armed robbery, and kidnapping. They were all convicted of simple battery on the rape charge and of robbery by intimidation on the armed robbery charges, and acquitted of the kidnapping and aggravated sodomy charges. Tony Seawright's conviction was affirmed in *Seawright v. State*, 170 Ga. App. 58 (316 SE2d 168) (1984). Appointed counsel for Clarence Seawright and Steven Vonlinsowe filed a brief pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), in which he certified that he had examined the record and was of the opinion that an appeal would be frivolous. Seawright has made no response to that brief, but Vonlinsowe has filed a document in this court in which he sets forth alleged errors committed at trial and which we will treat as a brief and enumeration of errors.

1. A thorough review of the record of this case reveals sufficient evidence to authorize a rational jury to find both appellants guilty of robbery by intimidation and simple battery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, Vonlinsowe's contention that the evidence is not sufficient is without merit. As to Seawright, we agree with his counsel that an appeal would be frivolous and affirm his conviction.

2. Vonlinsowe complains that the statements of his co-defen-

dants were improperly admitted into evidence and used against him, that one of the statements was not voluntary, and that the other statement was not reduced to writing even though it was made several months prior to trial. Whether or not there was any error in the admission of the statements, and we are inclined to find that there was not, there was no harm to Vonlinsowe: neither statement was at all inculpatory of any of the defendants and both were consistent with Vonlinsowe's own testimony. " 'It is an old and sound rule that error to be reversible must be harmful.' [Cit.]" *Sell v. State*, 156 Ga. App. 333 (5) (274 SE2d 723) (1980).

3. The trial court's instruction on flight is cited by Volinsowe as error on the ground that there was no evidence of flight to support such an instruction. The record shows that the victim testified that appellants departed from the scene of the alleged rape with haste. The arresting officer testified that one of the three fled when confronted by police officers and was not arrested until some time later. That evidence was enough to authorize a charge on flight. *Storey v. State*, 162 Ga. App. 763 (3) (292 SE2d 483) (1982); *Moon v. State*, 154 Ga. App. 312 (5) (268 SE2d 366) (1980).

4. Vonlinsowe's complaint that the trial court's jury charge on intoxication was not supported by the evidence is also without merit: Vonlinsowe testified that he and another of the defendants had consumed a fifth of liquor and some beer prior to the events which led to their arrest. The jury charge was authorized. *Moore v. State*, 158 Ga. App. 579 (2) (281 SE2d 322) (1981).

5. In the document filed in this court, Vonlinsowe complains that the trial court did not give an Allen charge (dynamite charge) (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)) when the jury failed to reach a verdict on all the counts of the indictment. The record shows that the court did give such a charge after the jury failed to reach agreement as to all the counts. If Vonlinsowe intended to assert that the trial court should *not* have given the charge, we find no error since the jury had deliberated for some time without reaching a verdict on all the counts submitted to them. *Thornton v. State*, 145 Ga. App. 793 (245 SE2d 22) (1978).

6. The trial court's refusal to give a charge on impeachment was not error since the requested charge dealt with prior inconsistent statements and there were none made at trial. " ' "A request to charge the jury must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." [Cits.]' " *Kessel v. State*, 236 Ga. 373 (2) (223 SE2d 811) (1976).

7. Since there was no evidence of theft by taking as opposed to robbery, there was no error in the trial court's refusal to charge on theft as a lesser included offense of robbery in this case. *Seawright v. State*, supra.

8. Since the victim testified that she was threatened by a knife held to her throat and that the robbery was accomplished by means of those threats, there was no error in admitting into evidence the knives found in the pockets of two of the defendants when they were arrested. *Carswell v. State*, 163 Ga. App. 743 (2) (295 SE2d 548) (1982).

9. Since no motion for severance was made, there was no error in the trial court's failure to sever Vonlinsowe's trial from that of his co-defendants. *Coachman v. State*, 236 Ga. 473 (1) (224 SE2d 36) (1976).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1984.

*William C. Puckett, Jr.*, for appellants.

*Robert E. Wilson, District Attorney, Michael M. Sheffield, Assistant District Attorney*, for appellee.