68755. CONLEY v. THE STATE.
(324 SE2d 750)

McMURRAY, Chief Judge.

Defendant was convicted of rape and appeals. *Held*:

1. Defendant's first and third enumerations of error are "[t]here was insufficient evidence presented to the Jury as to the guilt of the Defendant for the Jury to reasonably return a finding of guilty" and "[t]he finding of guilty by the Jury was not authorized by the evidence in the light of the law as charged to the Jury by the presiding Judge." We find no merit in these two complaints. The evidence presented by the State discloses that the defendant was the boyfriend of the victim's sister, and had given the victim a ride in his automobile in order that she could get her paycheck. Defendant then asked the victim to accompany him to cash a check which she did. After cashing the check defendant drove to a motel where the victim thought he was to get himself something to eat. However, instead of getting something to eat, the defendant returned from the motel

lobby with a key, and proceeded to the rear of the motel, at which time the victim told him she was not going to a room with him. However, the defendant unlocked the room door and pulled the victim by the arm out of the automobile, threatened to knock her out and threw her on the bed where he had carnal knowledge of her. She then remained with the defendant who drove her back to her place of employment where she related to her supervisor that she had been raped. Other testimony offered by the State was that the victim was crying and hysterical at the rape crisis center. Further, the victim's sister testified that when she confronted the defendant after learning of the rape he admitted to her that he had raped her sister. We have examined the evidence and transcript and we find and so hold that the evidence was sufficient to enable any rational trier of fact (the jury in the case sub judice) to reasonably find the defendant guilty of the offense of rape as charged beyond a reasonable doubt. See *Hampton v. State*, 250 Ga. 805, 808 (301 SE2d 274); *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878). Defendant's brief seeks to argue that the State's evidence as opposed to the defendant's witnesses was insufficient to convict. The credibility of the witnesses was for the jury and the jury chose to believe the state's witnesses over those of the defendant. OCGA § 24-9-80; *Turner v. State*, 235 Ga. 826, 828, 829 (221 SE2d 590).

We find no merit in defendant's argument that since the jury was charged by the court that to constitute rape the victim must have resisted with all her power and kept up that resistance as long as she had strength, hence, the jury verdict was not authorized by the evidence in the light of this charge. The victim testified that defendant grabbed her by the arm, pulled her from the automobile into a motel room where he threw her on the bed, pulled her clothes off and started having sex with her. She further testified that she cried out and tried to struggle but defendant was too strong and stated to her, "[i]f you don't be quiet, I'll knock you out." This evidence was sufficient to authorize the conviction even in the light of this portion of the charge to the jury. *Hampton v. State*, 250 Ga. 805, 808, supra; *Conger v. State*, 250 Ga. 867, 870, supra.

2. The second enumeration of error complains that the jury panels presented at the trial of the defendant were not racially representative of the resident population of the county where the trial occurred. The burden is upon the party challenging the legality of a ruling to prove error by the record. See *Saliba v. Saliba*, 201 Ga. 681 (1 (a)) (40 SE2d 732). The presumption is in favor of the regularity and legality of all proceedings in the trial court until otherwise shown. See *Bridges v. State*, 227 Ga. 24 (178 SE2d 861). We find no argument to support this enumeration of error in the defendant's behalf, and the defendant has not pointed out therein where any objection

was made as to the jury panels presented at time of trial pointing out only in counsel's statement of the case certain alleged facts as to the makeup of the jury. It thus appears that objection to same is now made for the first time after the adverse verdict has been returned. Accordingly, we find no merit in this complaint as such objection is deemed to have been waived with reference to the makeup of the jury. See *Moore v. Dutton*, 223 Ga. 585 (1) (157 SE2d 267); *Sanders v. State*, 235 Ga. 425, 426 (219 SE2d 768).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided November 16, 1984 —
Rehearing denied December 5, 1984

*Milton N. Bronson*, for appellant.

*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney*, for appellee.