41511. KYLES v. THE STATE.
(326 SE2d 216)

BELL, Justice.

On January 10, 1983, Kyles was indicted for murder and burglary, stemming from a July 1981 incident in which one Eleanor Wade was killed. On May 27, 1983, the trial court, pursuant to a request by the state, entered an order nol prossing Kyles' indictment.

On January 25, 1984, Kyles filed a motion to bar his further prosecution. The motion was based on OCGA § 17-3-3, which provides that "[i]f an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle

prosequi entered." Kyles contended that, upon entry of the nolle prosequi, OCGA § 17-3-3 effectively imposed a six-month statute of limitations upon his reprosecution for murder, for which no general statute of limitations exists, OCGA § 17-3-1 (a). He further contended that OCGA § 17-3-3 operated as a separate statute of limitations upon his reprosecution for burglary, superseding the usual four-year statute of limitations provided by OCGA § 17-3-1 (c). Kyles argued, therefore, that the state's failure to reprosecute him within six months of May 27, 1983, the date of the nolle prosequi, barred his reprosecution as to both offenses. The trial court denied Kyles' motion, and he appeals. We affirm.

In support of his contention that OCGA § 17-3-3 operates as a six-month statute of limitations, Kyles relies heavily on *Alewine v. State*, 103 Ga. App. 120 (1) (118 SE2d 499) (1961). *Alewine* involved the interpretation of then Code Ann. § 27-601 (4), which provided, inter alia, that "[i]f the indictment is found within the time limited, and for any informality shall be quashed or a nolle prosequi entered, a new indictment may be found and prosecuted within six months from the time the first is quashed or the nolle prosequi entered." Interpreting this part of Code Ann. § 27-601 (4), the Court of Appeals held that, if an indictment is nol prossed, a new indictment must be brought within six months, regardless of the fact that the original statute of limitations has not yet run.

We decline to follow the holding of *Alewine*, however, since we find that the subsequent legislative enactment of Code Ann. § 26-504 (now OCGA § 17-3-3) has impliedly repealed the section of § 27-601 (4) at issue. " 'While repeal by implication is not favored, a statute will be held to have repealed a prior statute where the latter is clearly inconsistent and contrary to the most recently enacted law or where the later enactment appears to cover the entire subject matter and give expression to the whole law on the subject.' " *Cotton States Mut. Ins. Co. v. DeKalb County*, 251 Ga. 309 (2) (304 SE2d 386) (1983) (quoting *Nash v. Nat. Preferred Life Ins. Co.*, 222 Ga. 14, 21 (148 SE2d 402) (1966)).

Code Ann. § 27-601 (4), by providing that the state *might* reindict the defendant within six months of a nolle prosequi, set a definite six-month limit within which the state had to reprosecute the defendant, regardless of whether the original statute of limitations had expired. In contrast, OCGA § 17-3-3 speaks of a six-month *extension* of the applicable statute of limitations from the date of the nolle prosequi. Logically, an extension could occur only where necessary, that is, where the nolle prosequi is entered either after the original period of limitation has expired or within six months of its expiration. We thus find that OCGA § 17-3-3 is intended to function solely as a savings provision, and has no application to a prosecution in which

the nolle prosequi is entered over six months before the original statute of limitations expires. See Kurtz, Criminal Offenses in Georgia, Statute of Limitations, § IV (1980).

Because the later-enacted Code Ann. § 26-504 clearly contradicts the part of Code Ann. § 27-601 (4) relevant to this case, and appears to "give expression to the whole law on the subject," we hold that it acted as an implied repealer. See *Cotton States Mut. Ins. Co. v. DeKalb County*, supra, 251 Ga. at 311; *State v. Shepherd Constr. Co.*, 248 Ga. 1 (II (a)) (281 SE2d 151) (1981) (holding that a separate portion of Code Ann. § 27-601 (4) was impliedly repealed by Code Ann. § 26-503). Having decided that OCGA § 17-3-3 is strictly a savings provision, we find that Kyles' argument that it bars his reprosecution is clearly without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1985.

*Louis K. Polonsky,* for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney, Michael J. Bowers, Attorney General, Charles A. Mathis, Jr., J. W. Morgan, Robert M. Boulineau,* for appellee.