*District Attorney*, for appellee.

### 70039. HILL v. THE STATE.
(331 SE2d 98)

McMurray, Presiding Judge.

Defendant appeals his conviction of the offenses of aggravated assault, armed robbery and rape. *Held*:

Defendant's sole enumeration of error raises the issue of the sufficiency of the evidence. The State's evidence shows that the victim returned to her home to find defendant there. The defendant explained his presence by telling the victim that her daughter had told him to wait there until she returned. A conversation regarding purchasing a pint of liquor ensued. Sometime thereafter the defendant cut the victim about the head with a knife, robbed the victim of approximately $43 and raped her.

The defendant's argument primarily addresses the evidence as to identity. The victim's house was without electricity and the only source of light was a wood burning stove. However, the victim testified that she had seen defendant "a lot" at Mitch's Place, "a juke," where both she and defendant had worked at times "cleaning up" and had no difficulty recognizing defendant at her home. When the victim first talked to law enforcement officers, she was mistaken as to defendant's last name. However, she correctly identified defendant in a photographic lineup.

Finally, defendant's alibi witnesses presented an issue of credibility which was for the resolution of the jury. "The weight of the evidence and credibility of witnesses are questions for the triers of fact. *Jones v. State*, 147 Ga. App. 779, 781 (4) (250 SE2d 500) (1978)." *Webb v. State*, 154 Ga. App. 395, 396 (1) (268 SE2d 438).

"With reference to the sufficiency of the evidence . . . the testimony of the defendant's witnesses can be disbelieved by the fact finders if the state's evidence is sufficient to authorize the verdict of guilty. The state's evidence was sufficient to support and to authorize the verdict of guilty. See *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131). Here it is quite apparent that the jury was willing to believe the sworn testimony of the state's witnesses and disbelieve defendant's evidence." *Timberlake v. State*, 158 Ga. App. 125, 127 (1) (279 SE2d 283). See also *Turner v. State*, 235 Ga. 826, 828-829 (221 SE2d 590). We have carefully reviewed the trial transcript and record and find that a rational trier of fact could reasonably find the defendant guilty beyond a reasonable doubt of the offenses of aggravated assault, armed robbery and rape. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Seawright v. State*, 172 Ga. App. 517 (1) (323

SE2d 704); *Conley v. State*, 172 Ga. App. 884 (1) (324 SE2d 750); *Brown v. State*, 253 Ga. 363, 365, 3 (b) (320 SE2d 539); *Everett v. State*, 253 Ga. 359, 361 (1) (320 SE2d 535).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MAY 14, 1985.

Larry B. Mims, Emerson D. Henderson, for appellant.
David E. Perry, District Attorney, Robert C. Wilmot, Assistant District Attorney, for appellee.