## A90A1093. THE STATE v. DAVIS.
### (397 SE2d 58)

BIRDSONG, Judge.

At the calendar call of the criminal case against John James Davis on July 14, 1989, both State and defendant announced ready; but three days later, before any jury was drawn, the State moved to nolle prosequi the case. The trial court granted the prosecutor's request.

Three weeks later, however, the State notified the defendant it would put the case back on the trial calendar for October. The defendant filed a Motion to Dismiss the Indictment, contending the case had been terminated when it was "nol prossed."

The trial court at the motion hearing determined that the State had entered a nolle prosequi of defendant's case on July 17, 1989, having previously announced "ready," and was seeking now to "unfairly prejudice the [d]efendant and usurp the integrity of this [c]ourt's administration of its cases." Thereupon, in January 1990, the trial court formally entered a nolle prosequi upon the indictment nunc pro tunc, and dismissed it.

The State appeals, contending, in effect, the nolle prosequi was not good because it never was reduced to a written order, and the trial court's act of entering it nunc pro tunc was ineffective to stop the State from trying the defendant. *Held:*

The State advises this court, and it appears in the hearing transcript, that in a similar case previously the trial court had ruled that after much research, it had determined the State can nolle prosequi a case at any time and remove the nolle prosequi and renew the prosecution at any time, but had expressed disturbance at the State's actions as "trifling with the court," and threatened to hold the State in

contempt at the next such occurrence. The State implies the dismissal in this case is but the enactment of that threat.

We find, however, that the trial court was correct. When the trial court granted the nolle prosequi at the State's request on July 17, 1989, the nolle prosequi was "entered" (OCGA § 17-8-3); since the trial court is a court of record, we must presume the nolle prosequi was recorded in the court record for that day. *Statham v. State*, 41 Ga. 507. In any case, the trial court's consent to enter the nolle prosequi was conclusive as to its validity. *Lascelles v. State*, 90 Ga. 347 (16 SE 945), aff'd 148 U. S. 537 (13 SC 687, 37 LE 549). The trial court's nunc pro tunc "entry" of the nolle prosequi on the indictment was probably superfluous, but correct.

When the nolle prosequi was entered on July 17, 1989, the prosecution was at an end, and all the incidents to it came to an end (*Lamp v. Smith*, 56 Ga. 589), including most obviously the right of the State to try the defendant upon the indictment. When the State thought over the matter, it could have reindicted the defendant within six months (*Earlywine v. Strickland*, 145 Ga. App. 626 (244 SE2d 118)); but evidently it did not do so. Instead, it attempted to place on the calendar a case it had called dead and had not revived. The trial court found the defendant's rights were prejudiced and, prima facie, they were; the trial court found the State's apparent habit of doing this sort of thing usurped the integrity of the trial court's administration of its cases, and with this we cannot quarrel. Certainly it rendered every nolle prosequi a meaningless gesture. The indicted offense was serious but we are not responsible for the State's failure after its nolle prosequi of the indictment to act formally to reindict or reaccuse the defendant if it wanted to prosecute him. Moreover, the State could still have reindicted the defendant within six months of the nolle prosequi, but when the defendant objected to the procedure, it chose to pursue instead an imagined right to nolle prosequi defendants upon an indictment and try them nevertheless. No such right exists. Fortunately for the State, this defendant remains incarcerated for other offenses; but in any event, upon the law itself, we find no difficulty in holding this prosecution was ended when the State, with the trial court's consent, entered the nolle prosequi.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1990.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellant.

*Steven E. Lister,* for appellee.