A91A1110. MERRILL v. THE STATE.
(411 SE2d 750)

SOGNIER, Chief Judge.

Marc Lawrence Merrill appeals from the denial of his motion to quash an accusation, which motion was based on an assertion of double jeopardy. See *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

1. Appellant contends the trial court erroneously denied his motion. The record reveals that appellant was accused in September 1989 of driving under the influence of alcohol and leaving the scene of an accident. The trial court denied appellant's motion to suppress in January 1990, and trial began on March 15, 1990. The transcript reflects that the evening recess was announced and the jury was informed to reconvene at 9:00 a.m. the following morning. The record next shows entry of an order of nolle prosequi on March 16, 1990 and the subsequent refiling of the accusation against appellant.

Appellant contends that the nolle prosequi, entered after the jury was impanelled, was without his consent under OCGA §§ 17-8-3 or 16-1-8 (e) (1), and thus constituted an improper termination barring the current prosecution. OCGA § 16-1-8 (a) (2); *Doyal v. State,* 70 Ga. 134, 142-143 (3) (1883); see also *Burks v. State,* 194 Ga. App. 809 (392 SE2d 300) (1990). At the hearing on the motion, the trial judge noted that he had no independent recollection of the case, but that it was his policy to require nolle prosequi orders to be signed in open court. When asked whether he recollected appellant consenting to the order, appellant's attorney claimed "we have the right to remain silent on that point." The prosecutor stated it was his memory that the discussion on the order occurred in chambers, that the trial judge asked appellant "was that okay with him for [the State] nol. prosing the case, and he consented at that time."

We affirm. The trial court found that based on the record and its general policy, it had signed the order in open court; that appellant,

through counsel, had been given an opportunity to object; and that no objection was heard by the court. Appellant adduced no evidence at the hearing to show that the order was entered without his consent. Instead, he argues that the burden was on the State to establish affirmatively that he did consent and, in the absence of a transcript, we must presume no consent was given. However, there is a well established presumption in favor of the regularity and legality of all proceedings in the trial court until otherwise shown, *Conley v. State*, 172 Ga. App. 884, 885 (2) (324 SE2d 750) (1984), and this court will not presume error from a silent record. *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549) (1980). Furthermore, the trial court had before it at the hearing the prosecutor's uncontroverted statement that appellant had consented to the order. The trial court's ruling on appellant's motion was not clearly erroneous. See generally *Del Rio v. State*, 171 Ga. App. 381, 386 (320 SE2d 236) (1984).

2. We need not address the State's argument that this court cannot entertain appellant's enumeration addressing the denial of a motion to suppress as part of a direct appeal from the denial of a motion to quash the accusation, since the record here establishes that appellant's motion to suppress was made as to the first accusation and heard in January 1990, before the nolle prosequi was entered on March 16, 1990. At that time the prosecution was at an end, and all the incidents to it came to an end. *State v. Davis*, 196 Ga. App. 785, 786 (397 SE2d 58) (1990). Accordingly, the trial court's January 1990 ruling on the motion to suppress cannot be considered by this court. See *Jones v. State*, 115 Ga. 814, 817-818 (1) (42 SE 271) (1902).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 15, 1991 —
RECONSIDERATION DENIED OCTOBER 30, 1991 —

*Robert S. Devins*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.