A91A1228. THE STATE v. DAVIS.
(411 SE2d 555)

COOPER, Judge.

Appellee was indicted on March 23, 1989 for armed robbery and possession of a firearm by a convicted felon as the result of a December 30, 1988 incident. When the case was called for trial on July 14, 1989, the State and defense counsel announced ready for trial; however, on July 17, 1989, at the State's request, the trial court entered a nolle prosequi on the indictment. Three weeks later, without taking steps to revive the indictment, the State placed the case on an October 1989 trial calendar. The trial court granted appellee's motion to dismiss the indictment; said judgment was affirmed by this court in *State v. Davis*, 196 Ga. App. 785 (397 SE2d 58) (1990). On September 15, 1990, 14 months after the entry of the nolle prosequi, the State filed a second indictment on the same charges against appellee. The trial court, relying on *State v. Davis*, supra; *Earlywine v. Strickland*, 145 Ga. App. 626 (244 SE2d 118) (1978) and Code Ann. § 27-601 (4), granted appellee's plea in bar due to the State's failure to obtain the second indictment within six months of the entry of the nolle prosequi. The State now appeals the trial court's grant of appellee's plea in bar.

In *Kyles v. State*, 254 Ga. 49 (326 SE2d 216) (1985), the court held that the legislative enactment of Code Ann. § 26-504 (now OCGA § 17-3-3) impliedly repealed Code Ann. § 27-601 and no longer

required the re-indictment of a defendant within six months of a nolle prosequi where the re-indictment is returned before expiration of the original statute of limitation. The former statute set a definite six-month limit within which the State had to re-prosecute, regardless of whether the original statute of limitation had expired; however, the current statute is a savings provision which extends the original statute of limitation for six months when a nolle prosequi is entered either after the original statute of limitation has expired or within six months of its expiration. Id. at 50. Inasmuch as the second indictment was returned within the applicable statute of limitation, the trial court erred in granting appellee's plea in bar.

Appellee argues that numerous factors distinguish this case from *Kyles v. State*, pointing to the trial court's order granting appellee's plea in bar in which the court stated that the State's conduct seriously prejudiced appellee's case inasmuch as witnesses would be difficult to locate due to the passage of time. Appellee also contends that the State's 14-month delay in seeking another indictment constituted improper conduct by the State, relying on *State v. Davis*, supra, and that the delay resulted in a denial of his right to a speedy trial. The record contains no demand for trial (OCGA § 17-7-170), and appellee maintains he had no reason to assert this right after the nolle prosequi, believing that the prosecution was at an end. However, this was an erroneous conclusion on appellee's part, and to the extent that appellee relied on *State v. Davis* as authority for the proposition that the State was barred from seeking a re-indictment more than six months after a nolle prosequi, that reliance was misplaced. This court, in *State v. Davis*, supra at 786, on the question of whether appellee could be re-indicted cited *Earlywine v. Strickland*, supra, which relied on Code Ann. § 27-601, and apparently was not mindful of our Supreme Court's decision in *Kyles*. At any rate, after *Kyles* it is clear that when a nolle prosequi is entered within the statute of limitation, the State is not required to re-indict within six months of the nolle prosequi, except as noted above. Moreover, because appellee has not asserted a demand for a trial and there has been no inquiry into the delay as prescribed by *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), we cannot say that appellee's right to a speedy trial was denied, nor can we conclude that the delay was the result of improper conduct by the State.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

Decided October 16, 1991.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney,* for appellant.

*Steven E. Lister*, for appellee.