A96A1874. THE STATE v. McMANUS.
(481 SE2d 243)

BIRDSONG, Presiding Judge.

The State appeals from the grant of Patrick McManus' motion to suppress, and McManus has moved to dismiss the appeal. The record shows that on January 11, 1996, after the trial court ruled from the bench granting McManus' motion, the State filed a nolle prosequi on the charges pending. Later, a new accusation on the same charges was drawn on January 24, 1996, and was filed on January 25, 1996. Thereafter, the State filed a notice of appeal on February 1, 1996,

seeking to appeal from the grant of the motion to suppress. *Held*:

Although we agree with the State's contentions that charges may be refiled after entry of a nolle prosequi (see *Kyles v. State*, 254 Ga. 49 (326 SE2d 216); *State v. Davis*, 201 Ga. App. 533, 534 (411 SE2d 555)), the State's authority to refile an accusation after entry of nolle prosequi does not affect the issue on appeal. The State elected to enter a nolle prosequi on the first accusation, and that brought the prosecution of that accusation to an end. Nolle prosequi is the State's formal action on its decision not to further prosecute that accusation. *Redding v. State*, 205 Ga. App. 613, 614 (423 SE2d 10). "At that time the prosecution was at an end, and all the incidents to it came to an end. *State v. Davis*, 196 Ga. App. 785, 786 (397 SE2d 58) (1990). Accordingly, the trial court's [January 11 oral decision that was entered on January 13] ruling on the motion to suppress cannot be considered by this court. See *Jones v. State*, 115 Ga. 814, 817-818 (1) (42 SE 271) (1902)." *Merrill v. State*, 201 Ga. App. 671, 672 (411 SE2d 750). Therefore, the appeal is moot and McManus' motion to dismiss is granted.

*Appeal dismissed. Beasley and Blackburn, JJ., concur.*

DECIDED FEBRUARY 3, 1997.

*Benjamin F. Smith, Jr., Solicitor, Rebecca A. Hulsey, Barry E. Morgan, Assistant Solicitors*, for appellant.

*H. Darrell Greene & Associates, Patrick H. Head*, for appellee.

