**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 10, 2019**

# In the Court of Appeals of Georgia

A19A0038, A19A0749. LONG v. TRUEX (two cases).

McFADDEN, Presiding Judge.

Cherie Long and Duane Truex divorced in 2014. These related appeals, in which Long is acting pro se, concern trial court rulings in two subsequent proceedings arising out of the divorce: a proceeding to modify child custody and a contempt proceeding.

In Case No. A19A0038, Long challenges an August 4, 2016 order modifying child custody and an April 11, 2018 order denying Long's timely motion for new trial. We have jurisdiction notwithstanding Long's ineffective attempt to dismiss her motion for new trial. The evidence authorized the trial court's rulings, so we affirm.

In Case No. A19A0749, Long challenges a July 6, 2018 order awarding Truex attorney fees related to Long's filing of an untimely motion for new trial after the trial

court found her in contempt of the parties' divorce decree. Because that order does not specify the person or persons obligated to pay the award, we vacate it and remand the case for further proceedings. We also deny Truex's motion for sanctions for frivolous appeal in Case No. A19A0749.

1. *Child custody order (Case No. A19A0038).*

When the parties divorced in the fall of 2014, the trial court awarded them joint legal custody and the father primary physical custody of their son, C. T. The following spring, Long petitioned to modify child custody to obtain primary physical custody of C. T., alleging that there had been material changes in the conditions and circumstances that warranted this modification. Truex filed a separate modification petition, seeking to obtain sole legal custody of C. T. and to change Long's visitation. The trial court consolidated the proceedings. The trial court temporarily awarded sole custody of C. T. to Truex during the pendency of the proceedings.

After an evidentiary hearing, the trial court awarded Truex sole legal and physical custody of then-12-year-old C. T. and held that Long's visitation must be supervised. Long appeals from this ruling and from the trial court's denial of her motion for new trial, arguing that the evidence did not support the modification.

(a) *Appellate jurisdiction.*

As an initial matter, we consider our jurisdiction over the appeal in Case No. A19A0038. See generally *Ford v. Ford*, 347 Ga. App. 233 (818 SE2d 690) (2018) (appellate court has duty to inquire into its jurisdiction to review errors enumerated on appeal). "A notice of appeal shall be filed within 30 days of the entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a).

After the trial court entered the order modifying custody, Long filed a timely motion for new trial. She subsequently filed a notice to dismiss that motion. But "OCGA § 5-6-38 requires a *trial court order* granting, denying, or otherwise finally disposing of a party's motion for new trial[.] A party's voluntary withdrawal of its motion for new trial, standing alone, is not the statutorily-required court order finally disposing of the motion for new trial." *Heard v. State*, 274 Ga. 196, 197 (1) (552 SE2d 818) (2001) (citations omitted; emphasis in original). The record in this case does not contain a trial court order connected with Long's notice to dismiss her timely motion for new trial. So, under the rule articulated in *Heard*, the that motion remained pending. The trial court finally disposed of the motion later, when he entered an order

3

that denied Long a new trial. At that point, Long had 30 days in which to file her notice of appeal under OCGA § 5-6-38 (a), and she filed her notice of appeal within the 30-day period. We therefore have jurisdiction to review the order modifying custody.

(b) *Sufficiency of evidence supporting custody modification.*

A decision on child custody includes visitation rights. See OCGA § 19-9-22 (1); *Vines v. Vines*, 292 Ga. 550, 551 (2) (739 SE2d 374) (2013). When ruling on a petition for modification of child custody, the trial court

> is charged with exercising its discretion to determine what is in the child's best interest. A trial court's decision regarding a change in custody/visitation will be upheld on appeal unless it is shown that the court clearly abused its discretion. Where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion.

*Carr-MacArthur v. Carr*, 296 Ga. 30, 31 (1) (764 SE2d 840) (2014) (citations and punctuation omitted). See *Schowe v. Amster*, 236 Ga. 720, 722 (5) (225 SE2d 289) (1976) (decision to restrict visitation is matter for trial court's discretion). Moreover, "[i]n the appellate review of a bench trial, a trial court's factual findings must not be set aside unless they are clearly erroneous. Rather, due deference must be given to the

4

trial court, acknowledging that it has the opportunity to judge the credibility of the witnesses." *Strickland v. Strickland*, 298 Ga. 630, 633-634 (1) (2016) (citations omitted).

"A petition to change custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award." *Smith v. Curtis*, 316 Ga. App. 890, 892 (730 SE2d 604) (2012) (citation and footnote omitted). In modifying custody and placing restrictions on visitation, the trial court found, among other things, that Long "has a mental health issue that appears to have deteriorated since the divorce" in a manner that was detrimental to C. T. The mental health of each parent is a factor that a trial court may consider in deciding whether to modify a custody arrangement. See OCGA § 19-9-3 (a) (3) (I); *Sigafoose v. Cobb*, 345 Ga. App. 783, 788-789 (1) (815 SE2d 136) (2018). Long argues, however, that the trial court's finding regarding her mental health was an "erroneous factual finding" mandating reversal.[1] We disagree.

As a ground for his finding that Long's mental health had deteriorated to C. T.'s detriment, the trial court cited the testimony of a parenting coordinator, a licensed clinical social worker whom the parties had agreed to use to assess whether

---

[1] Long does not challenge any other findings of the trial court.

they could "co-parent" their child. The trial court stated in his order that the parenting coordinator had

> made the following observations about [Long's] weaknesses: she sabotages her own stated goals; she is not capable of "listening" to others such as her children, the defendant, the [guardian ad litem] and/or the judge to receive advice or recommendations; she has anger and impulse control issues; inappropriate reactions to anger; does not respect rules and boundaries; does not act in [C. T.'s] best interests; has a distorted view of reality and she "projects" her perceptions and expectations on others. These are problems that negatively impact the child and have caused him to have problems maturing responsibly. The parties were not capable of co-parenting.

The record supports this synopsis of the parenting coordinator's testimony.

In addition to reciting the parenting coordinator's testimony, the trial court also separately found that Long's "behaviors are troubling in that her needs appear to come before [C. T.'s], that she has inappropriate reactions to everyday life situations, that she sabotages her stated goals, that she is incapable of listening to others to the detriment of [C. T.], that she has anger issues, impulse control issues and a distorted view of reality." The trial court described Long's behavior toward Truex as "bizarre" and found that it was detrimental to C. T. Specifically, the trial court noted in his order the following behaviors, all of which are supported by hearing evidence: Long

6

unilaterally sought to change C. T.'s individualized education plan, despite having reached an agreement about that plan with Truex and school personnel the day before; Long made various allegations against Truex that she could not support with evidence but which required Truex to spend significant time rebutting; Long's actions in connection with third-party professionals such as C. T.'s therapist were driven by her focus on her own relationship with the professional, rather than by the boy's best interests; and that Long refused to allow C. T. to accompany Truex to the out-of-state wedding of C. T's half-brother, instead demanding that a police officer accompany the boy, which ultimately led to the boy's exclusion from the event. The evidence authorized the trial court to find that Long's behavior, as illustrated above, was detrimental to C. T.

As another ground for his finding that Long's mental health had deteriorated to C. T.'s detriment, the trial court cited his own observations of Long as a witness at the hearing. The trial court could "see and hear [Long at the hearing], observe [her] demeanor and attitudes, and assess [her] credibility." *Sigafoose*, 345 Ga. App. at 788 (1) (citation and punctuation omitted). From that observation, the trial court was authorized to draw conclusions about Long's mental health, the impact it had on her ability to act in the child's best interest, and whether that ability had materially

changed since the prior custody award. See id. at 788 (1) (affirming custody order in which trial court "called [mother's] mental health into question" and expressed "serious concerns about (mother's) present mental situation").

Given our deferential standard of review, we find no abuse of discretion in the trial court's modification ruling or his denial of Long's motion for new trial on the modification petition.

2. *Attorney fees order (Case No. A19A0749).*

Case No. A19A0749 concerns an attorney fee ruling that arose from the parties' divorce but is unrelated to the custody modification ruling discussed above. On December 16, 2015, the trial court entered an order holding Long in contempt for violating terms of the parties' divorce decree. The trial court denied Long's motion for reconsideration of the contempt order, and on August 18, 2016 Long filed a motion for new trial. which the trial court denied as untimely on April 11, 2018. Long then filed a notice of appeal from the December 16, 2015 contempt order, but we dismissed that direct appeal for lack of jurisdiction because that order is subject to the discretionary appeals procedure. See OCGA § 5-6-35 (a) (2).

While Long's untimely motion for new trial from the contempt ruling was pending, Truex filed a motion for attorney fees in connection with the motion for new

8

trial. On July 6, 2018, the trial court granted Truex's motion, holding that he was entitled to attorney fees of $1,333 under OCGA § 9-15-14 (a) because Long had filed the motion for new trial 240 days after the trial court's contempt ruling.

We granted discretionary appellate review over the July 6 order awarding attorney fees. We hereby vacate that attorney fees order because it does not specify the person or persons obligated to pay the attorney fee award. Instead, the order contains a blank space, stating: "The Court ORDERS that _____ pay to Plaintiff, Duane Truex, the sum of $1333.00 within 30 days of this order." Under OCGA § 9-15-14 (a), a trial court may assess attorney fees against a party, a party's attorney, or both. Long was represented by counsel when she filed the untimely motion for new trial. The July 6 order does not indicate whether Long, her then-attorney, or both are required to pay the $1,333 to Truex.

The record does contain an amended order, dated August 7, 2018, specifying that Long is responsible for paying the attorney fee award. But that order is without effect because the trial court entered it *after* Long applied for discretionary appellate review of the July 6 order. "The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as a supersedeas." OCGA § 5-6-35 (h). And, "[a]s a general rule, in civil actions other than injunctions, a trial court,

9

upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas." *Davis v. Harpagon Co.*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006) (citation omitted). See OCGA § 5-6-46 (a). "Essentially, the supersedeas that results from the filing of an application to appeal or a notice of appeal deprives the trial court of jurisdiction to take action in the case that would affect the judgment on appeal[.]" *Avren v. Garten*, 289 Ga. 186, 190 (6) (710 SE2d 130) (2011). This includes amending the judgment on appeal to correct a mistake. See *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979).

We note that Long applied for discretionary appellate review of both the initial July 6 attorney fee order and the later, amended attorney fee order. While we granted her application for review of the July 6 order (leading to this appeal), we denied her application for review of the amended order. Generally, "[t]he denial of an application for discretionary appeal invokes the doctrine of res judicata where the judgment appealed from was final and on the merits." *Davis v. Foreman*, 311 Ga. App. 775, 778 (2) (717 SE2d 295) (2011) (citation omitted). But res judicata is not invoked here, because the amended attorney fee order is a nullity given the trial court's lack of jurisdiction to enter it. See *Lawyers Title Ins. Corp. v. Griffin*, 302 Ga. App. 729 (1)

(691 SE2d 633) (2010); *Colodny v. Krause*, 141 Ga. App. 134, 136 (1) (232 SE2d 597) (1977).

Consequently, although both parties argue the merits of the amended order in their appellate briefs, we do not consider that order or the merits of the attorney fee award. Instead, we vacate the incomplete July 6 order and remand the case for the trial court to specify the person or persons obligated to pay the attorney fee award.

3. *Motion for sanctions for frivolous appeal (Case No. A19A0749).*

Truex asks us to award him sanctions on the ground that Long's discretionary appeal was frivolous. See Ga. Ct. App. R. 7 (e) (2). Given that we granted Long's application for discretionary appeal and have vacated the order at issue, we deny Truex's motion.

*Judgment affirmed in Case No. A19A0038. Judgment vacated and case remanded with direction in Case No. A19A0749. Rickman and Markle, JJ., concur.*