**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 9, 2024**

# In the Court of Appeals of Georgia

A24A0083. CLEMONS v. THE STATE.

HODGES, Judge.

Dimitrius Clemons appeals from the denial of his request for a hearing on a previously withdrawn, 12-year-old motion to withdraw his guilty plea. Clemons asserts that the trial court's order "essentially dismissed [his] motion to withdraw guilty plea by failing to reach the merits of it." Finding no error, we affirm.

The undisputed record shows that Clemons pled guilty in 2010 to two counts of armed robbery and one count of aggravated assault. He filed a timely motion to withdraw his guilty plea, and a hearing was scheduled. At the hearing, Clemons' counsel announced that Clemons wanted to withdraw the motion. The court swore in Clemons and confirmed his intention to withdraw the motion on the record, since

the State was ready to proceed with the hearing. Clemons acknowledged, "I don't feel comfortable with taking [the motion to withdraw his plea] forward[,]" and the trial court took the motion off the calendar and ended the hearing.

Twelve years later, Clemons, by his own admission, "reversed course" and sought to revive the motion to withdraw his plea by filing a "Request for hearing on motion to withdraw guilty plea." The trial court denied Clemons' request for a hearing, finding that: (i) Clemons' motion to withdraw his guilty plea ceased to exist when it was withdrawn; (ii) therefore, there was no pending motion to be heard; and (iii) Clemons' remedy, if any, was through habeas corpus. Clemons appeals from this order.

Clemons' sole argument on appeal is that the trial court erred in denying his request for a hearing because he retained the right to amend his motion to withdraw his guilty plea until the trial court entered a final order on the motion. We disagree.

Clemons does not dispute that his motion was orally withdrawn. In fact, his appellate brief lists the following statement of the case: "The question presented in this case is whether a defendant may proceed on a motion to withdraw guilty plea prior to the entry of a final order, *despite his earlier oral withdrawal of the motion*."

(Emphasis supplied.) We conclude that the trial court's denial of Clemons' request for a hearing on the extinguished motion was proper. It is well settled that a criminal defendant cannot complain of a ruling which his own conduct procured or aided in causing. See generally *Blackwell v. State*, 299 Ga. 122, 125 (786 SE2d 669) (2016) (concluding that defendant waived through agreement his right to withdraw a guilty plea before sentence was pronounced); *Mitchell v. State*, 282 Ga. 416, 419 (5) (b) (651 SE2d 49) (2007) (finding that defendant could not complain about court order granting State's motion to exclude evidence when defendant expressly agreed to order). That is exactly what happened here.

Clemons appeared at the hearing on his motion to withdraw the guilty plea, his counsel indicated Clemons wished to withdraw his motion, the trial court questioned Clemons on the record and Clemons stated that he did not feel comfortable taking the motion forward, the trial court took the motion off the calendar and concluded the hearing, and then Clemons changed his mind 12 years later and attempted to revive the motion to withdraw his plea by filing a request for a hearing on the extinguished motion. The lengthy time between Clemons' filing of his motion to withdraw his guilty plea and his request for a hearing on the withdrawn motion belies his assertion

– made in his appellate brief and not his request for a hearing in the lower court – that he "did not intend to withdraw the motion[.]" Clemons' acquiescence in both his trial counsel's proffer regarding withdrawal of the motion and the trial court's conclusion of the hearing on the motion to withdraw his guilty plea deprives him of the right to complain on appeal.

Moreover, we disagree with Clemons' assertion that his "oral withdrawal was not dispositive" because the trial court did not "rule[] upon" the motion and enter an "appealable order[.]" The cases relied upon by Clemons do not support this proposition. Those cases specifically involve motions for new trial, where an order "granting, overruling, *or otherwise finally disposing of the motion*" must be filed under OCGA § 5-6-38 (a). (Emphasis supplied.) See *Heard v. State*, 274 Ga. 196, 196-197 (1) (552 SE2d 818) (2001) (holding that a party may not withdraw a motion for new trial by filing a "dismissal" of the motion; a trial court must enter an order in connection with that action); *Long v. Truex*, 349 Ga. App. 875, 876-877 (1) (a) (827 SE2d 66) (2019) (holding that a motion for new trial remained pending because the record did not contain a court order connected with the party's notice to dismiss the motion).

OCGA § 5-6-38 (a) provides as follows:

4

A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion. . . .

The statute does not require a mandatory order otherwise disposing of a motion to withdraw a guilty plea, and, while the better practice may be for a trial court to issue an order noting the withdrawal of such a motion, Clemons has not cited any statutory or case law authority requiring the trial court to issue a ruling under the circumstances here – where counsel, with the acquiescence of his client, withdraws a motion to withdraw a guilty plea. See *Garcia v. Shaw Indus.*, 321 Ga. App. 48, 55 (2) (741 SE2d 285) (2013) (finding that party who withdrew a motion to compel abandoned any argument regarding the motion); see generally *Rowe v. Rowe*, 228 Ga. 302, 303 (1) (185 SE2d 69) (1971) (concluding that a written demand for a jury trial can be withdrawn orally in open court); *Obiozor v. State*, 213 Ga. App. 523, 524 (2) (a) (445 SE2d 553) (1994) (holding that trial counsel expressly abandoned on the record defendant's speedy trial rights); *State v. Davis*, 196 Ga. App. 785, 786 (397 SE2d 58) (1990) (concluding that an oral nolle prosequi was valid even though not reduced to writing).

We find no error in the trial court's order denying Clemons' request for a hearing.

*Judgment affirmed. Doyle, P. J., and Watkins, J., concur.*