73052. COKER v. THE STATE.
(353 SE2d 56)

McMURRAY, Presiding Judge.

On January 8, 1986, defendant Coker was indicted (along with others) for the offense of conspiracy to commit the offense of trafficking in cocaine. Defendant entered her plea of not guilty and on February 6, 1986 (during the January 1986 term of the Superior Court of Floyd County), filed a demand for trial "at this term or at the next term and in default of a trial that she be fully acquitted and discharged of said offense."

During the succeeding (March) term of court, the State requested an "order of Nolle Prosse for the following reason: Insufficient evidence and due to conviction of Jimmy Ray Whorton, [principal] defendant in drug case." On May 2, 1986, the trial court entered an order of nolle prosse as to the charge against defendant Coker. Following the end of the March term defendant moved for discharge and acquittal pursuant to OCGA § 17-7-170. In ruling on defendant's motion the trial court concluded that, "as stated on the record the Court would recognize the factual issue presented in this case as being grounds for dismissal of a future indictment brought against this defendant for the charges contained in the indictment in this case. Having recognized that fact and further finding that this case is no longer pending against this defendant, the prayers for discharge and acquittal, being moot, are denied." Defendant appeals the denial of her motion for discharge and acquittal. *Held*:

It appears that juries were impaneled for the purpose of trying criminal cases in both the January 1986 term and succeeding March 1986 term, and that, but for the entry of the nolle prosse order prior to the end of the March term, there would be no controversy as to the propriety of defendant's motion. See OCGA § 17-7-170. We note that there is no suggestion that the entry of nolle prosse prevents defendant claiming the benefits of OCGA § 17-7-170. See in this regard *Hurt v. State*, 62 Ga. App. 878 (2) (10 SE2d 136).

The trial court, in concluding that the defendant's prayers for

discharge and acquittal are moot, has determined that defendant would receive no benefit by the grant of her motion. See *Chaplin v. State*, 141 Ga. App. 788, 789 (1) (234 SE2d 330). Defendant contends that the grant of her motion would free her of the anxiety of being prosecuted again for the same offense, the public embarrassment which would accompany any new indictment and the expense of obtaining an attorney to represent her on any new indictment. We find no support for the State's argument that OCGA § 17-7-170 is so narrow in purpose as to afford no protection to the interest argued by defendant. Nor does the fact that a formal order of discharge and acquittal is not necessary in order for defendant to assert the benefit of her demand in a subsequent proceeding, sufficient to dissolve the scimitar which hangs by a thread over defendant's head in the form of possible re-indictment. See OCGA § 17-3-3. We note in this regard that the denial of an OCGA § 17-7-170 motion has been held to "constitute the trial court's determination that the prosecution has not *already* resulted in an automatic acquittal of the accused by operation of law." *Smith v. State*, 169 Ga. App. 251, 252 (312 SE2d 375).

Defendant's demand for trial having been entered and defendant not having been tried at the term when demand was made or at the next succeeding regular term, and where jurors were impaneled and qualified to try her at both terms, she is automatically discharged and acquitted by operation of law. See *Smith v. State*, 169 Ga. App. 251, 252 (1), supra. Compare *State v. King*, 164 Ga. App. 834 (298 SE2d 586). We cannot agree that a formal acknowledgment of such is of no benefit to defendant. The trial court erred in denying defendant's OCGA § 17-7-170 motion.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*F. Larry Salmon*, for appellant.
*Stephen F. Lanier, District Attorney, Deborah D. Haygood, Assistant District Attorney*, for appellee.