76293. CIPROTTI v. THE STATE.
(369 SE2d 337)

BEASLEY, Judge.

On December 3, 1986, Ciprotti was indicted on two counts of forgery in the first degree, OCGA § 16-9-1. Represented by counsel, she waived formal arraignment on January 26, 1987. On February 3, her retained attorney filed several motions including a demand for trial under OCGA § 17-7-170. On the 24th, counsel notified Ciprotti of his intention to withdraw from the case. Ciprotti applied for appointed counsel on the 25th. An attorney accepted the appointment of the

case on March 9 and met with Ciprotti on that date. The next day the trial court entered an order allowing retained counsel to withdraw. On the 18th, Ciprotti's case was called for trial. At that time, appointed counsel asked for a two-week postponement in order to receive bank records which had been subpoenaed. Counsel acknowledged that the request "might in law result in a dismissal of our demand for trial," and that defendant had asked that dismissal of the demand not be by consent but rather that the court *order* it done if such dismissal was, in the court's determination, the legal result of the request for continuance; defendant did not agree that the request constituted a waiver of her demand.

The State moved to dismiss the speedy trial demand, and the court granted the motion after noting that there were jurors ready to be called in and that the court was ready to accommodate the defendant. Following dismissal of the demand, the court continued the case to its next jury calendar and also to a non-jury calendar because the court was aware that discussions were under way to nolle prosequi the case conditioned upon a binding restitution hearing. An order dismissing the demand was filed a few days later, on March 24.

On April 23, the case was continued by court order until May 11. Ciprotti filed a notice of change in counsel on April 29, stating that she waived her right to appointed counsel. On May 11, she filed a Motion for Autrefois Acquit on the basis that she had been acquitted as a matter of law as provided by OCGA § 17-7-170 (b) because she had not been tried when her demand for speedy trial was made or at the next succeeding regular court term.

After a hearing on May 12 on Ciprotti's request to discharge appointed counsel, the court discharged counsel after finding that Ciprotti's waiver of counsel was freely, understandingly, knowingly, and voluntarily made. On May 13, the State requested a continuance in order to obtain handwriting exemplars from the complaining witness and from Ciprotti. The court granted a continuance until July 13 over defendant's objection to the continuance based upon her assertion that she had been acquitted by operation of law.

On July 13, the State tendered and the court accepted a nolle prosequi based on insufficient evidence. Ciprotti stated that she was not consenting to the nolle prosequi because she believed that she had already been acquitted of the charges.

On September 4, defendant submitted to the court a Rule Nisi for a hearing on her Motion for Autrefois Acquit, but the court did not sign it. A month later Ciprotti sent a letter requesting the court to reconsider denial of the Rule Nisi. On October 13, the court's assistant sent defendant a letter stating that the court had instructed that defendant's correspondence and attachments of October 4 be returned and that the court would take no action at that time because a

nolle prosequi had been entered. The letter was filed with the clerk of court on October 21.

Ciprotti filed a notice of appeal pro se on November 20 from the March 24th dismissal of the speedy trial demand, from the July 13th nolle prosequi, and from the October 21 "decision of the trial judge refusing to hear, grant, or otherwise finally dispose of the defendant's Motion for Autrefois Acquit."

1. The State contends that this Court is without jurisdiction to consider the merits of the appeal because defendant failed to timely appeal the dismissal of the demand for trial and the nolle prosequi, and "failed to invoke a ruling" on the Motion for Autrefois Acquit.

It is true that defendant did not attempt to immediately appeal directly from the dismissal of the demand or from the nolle prosequi which was objected to on the basis of an alleged acquittal under OCGA § 17-7-170 (b). See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985); see also *Cook v. State*, 183 Ga. App. 720 (1) (359 SE2d 716) (1987), and *Ould v. State*, 186 Ga. App. 55 (1) (366 SE2d 55) (1988), a physical precedent. But the record shows that defendant was waiting for the court's decision on her motion for autrefois acquit since a decision on the merits of that motion would have decided whether her objections to the dismissal of the OCGA § 17-7-170 demand and to the entry of the nolle prosequi were valid. In fact, prior to the entry of the nolle prosequi, the court assured defendant that it would indeed rule on her motion for autrefois acquit at the appropriate time.

Contrary to the State's implication that defendant simply failed to obtain a ruling on the motion for autrefois acquit, she made repeated attempts, short of seeking a writ of mandamus, OCGA § 9-6-20, to secure a hearing on the merits of the motion, and timely filed her appeal from what she considered to be, in effect, a denial of her motion. Because of the unique circumstances in this case, we deem the court's refusal to rule on the merits of defendant's motion for autrefois acquit on the basis of the intervening nolle prosequi as a final and appealable determination by the court that defendant's motion was rendered moot by the nolle prosequi as a matter of law.

2. In her sixth enumeration of error, Ciprotti contends that the court erred in not granting her a hearing on the motion for autrefois acquit. We agree. The entry of an order of nolle prosequi in a case does not prevent a defendant as a matter of law from claiming the benefits of OCGA § 17-7-170. *Coker v. State*, 181 Ga. App. 559 (353 SE2d 56) (1987). The trial court therefore should have entertained the merits of defendant's motion for autrefois acquit based upon OCGA § 17-7-170 (b) and decided the motion as required by OCGA § 15-6-21 (b).

3. A determination of the contentions in enumerations of error

one through five and seven flow from a determination of the merits of defendant's motion. Therefore, we do not address them at this time.

4. In the seventh and last enumeration of error, Ciprotti alleges ineffective assistance of counsel in numerous respects; she admits that the issue was not raised and determined below but argues nonetheless that there is sufficient evidence in the record for this Court "to admit that there was at the least a question of ineffective counsel."

Inasmuch as defendant made no attempt to raise the issue before the trial court so that the challenge could be made at the earliest practicable moment, i.e., during the hearing on her discharge of appointed counsel, we regard the issue as waived. *Smith v. State*, 186 Ga. App. 303 (367 SE2d 573) (1988).

*Judgment reversed and case remanded. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 4, 1988.

Laura M. Ciprotti, *pro se.*

Thomas J. Charron, District Attorney, Nancy I. Jordan, Thomas A. Cole, *Assistant District Attorneys*, for appellee.