A90A1891. NEAL v. THE STATE.
(402 SE2d 114)

COOPER, Judge.
Following a jury trial, appellant was found guilty of aggravated assault by assaulting the victim with the intent to rape.

The victim worked as a counselor at the Georgia State Prison in

Reidsville, Georgia. While she was in her office one morning, appellant, an inmate, appeared in her doorway with a "wild" look on his face. Appellant came in, shut and locked the door, and said to the victim: "I want your p___y." Appellant repeated his demand and refused to leave the victim's office. When the victim picked up the telephone to call for help, appellant ripped the telephone from her hand and threw it against the wall. The victim began to scream and appellant grabbed her around the throat with one hand, put the other hand between her legs and pushed the victim into her chair. The victim screamed again, and appellant got up and told the victim: "Go ahead and call for help." The victim was able to call for an officer, who came and escorted appellant out of her office.

1. In his first enumeration of error, appellant contends that the trial court erred in denying his motion for mistrial after the prosecutor stated during closing argument: "Now, there's not but two people in this world who knows exactly what went on in that room that day. Cause there wasn't but two people in there. One's Robbin. The other's Ernest Neal." Immediately following the above statement, appellant's counsel moved for a mistrial which was denied by the trial court. Appellant argues that the statement violated his federal and state constitutional rights against self-incrimination as well as OCGA § 24-9-20. We disagree. "To reverse for improper comment by the prosecutor, we must find one of two things: that 'the prosecutor's manifest intention was to comment upon the accused's failure to testify' or that the remark was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' [Cits.]" *United States v. Rochan*, 563 F2d 1246, 1249 (5th Cir. 1977). The prosecutor's statement was a summary of the evidence adduced during the trial. Inasmuch as there is another equally plausible explanation for the prosecutor's statement, we cannot conclude that it was intended to comment on appellant's failure to testify or that the jury would naturally take it to be such a comment. See *Ranger v. State*, 249 Ga. 315 (3) (290 SE2d 63) (1982); *Kerr v. State*, 193 Ga. App. 165 (1) (387 SE2d 355) (1989).

2. In his second and third enumerations of error, appellant contends that the trial court erred in denying his motion for directed verdict of acquittal made at the close of the State's evidence and that the evidence was insufficient to support the verdict. Viewed in a light most favorable to the jury's verdict, the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Hugh J. McCullough*, for appellant.

*Dupont K. Cheney*, District Attorney, *David C. Walker*, Assistant District Attorney, for appellee.