## A91A0235. GIVENS v. THE STATE.
### (405 SE2d 898)

COOPER, Judge.

Appellant was arrested an charged with driving under the influence of alcohol. The arresting officer testified at trial that the appellant had refused at the time of arrest to submit to a chemical test used to determine the alcohol content of his blood. In her closing argument, the prosecutor commented on appellant's refusal to take the chemical test and asked the jury: "What did the defendant have to hide that night? Why wouldn't he take the test? I'll leave that for you to determine." Counsel for appellant objected to the prosecutor's question and moved for a mistrial on the grounds that the prosecutor's comment was an impermissible reference to appellant's right to remain silent under the Fifth Amendment. The trial court overruled the motion for mistrial and appellant was convicted of driving under the influence. He now brings this appeal of his conviction and the denial of his motion for a new trial.

"In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him" OCGA § 40-6-392 (c). "This refusal [to submit to a test] itself may be considered as positive evidence creating an inference that the test would show the presence of the prohibited substance. [Cits.]" *Brooks v. State*, 187 Ga. App. 194 (1), 195 (369 SE2d 801) (1988). Accordingly, the prosecutor's reference to appellant's refusal to submit to a blood-alcohol test was a proper subject for comment in closing argument.

Appellant contends, however, that the question posed by the prosecutor was, in reality, an oblique reference to the appellant's failure to testify at trial in violation of the Fifth Amendment and OCGA § 24-9-20. " 'To reverse for improper comment by the prosecutor, we must find one of two things: that "the prosecutor's manifest intention was to comment upon the accused's failure to testify" or that the remark was "of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." (Cits.)' [Cit.]" *Neal v. State*, 198 Ga. App. 518, 519 (402 SE2d 114) (1991). The prosecutor's remark in the present case, taken in

context, was a comment on the appellant's failure to take the chemical test at the time of his arrest. "Inasmuch as there is another equally plausible explanation for the prosecutor's statement, we cannot conclude that it was intended to comment on appellant's failure to testify or that the jury would naturally take it to be such a comment." *Neal v. State*, supra at 519. See also *Ranger v. State*, 249 Ga. 315 (3) (290 SE2d 63) (1982).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 15, 1991.

*Mark T. Sallee*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Allison L. Thatcher, William F. Bryant, Assistant Solicitors*, for appellee.