### A91A2130. DAY v. THE STATE.
(416 SE2d 548)

Judge Arnold Shulman.

The appellant was tried for six counts of burglary, two counts of rape, and one count each of aggravated assault and possession of a knife during commission of a crime. The jury returned a verdict of guilty on all but the last count, and the case is before us on appeal from the denial of the appellant's motion for new trial.

The evidence against the appellant fairly may be characterized as overwhelming. Each of the two rape victims testified that two men had gained entry into her apartment, tied her up, obtained her automated bank teller machine card, threatened to kill her if she did not divulge her access code, and engaged in sexual intercourse with her against her will. The contents of each victim's purse were later discovered to have been dumped in her toilet. The appellant's palm print was lifted from inside the first victim's apartment, and the second victim positively identified him as one of the two perpetrators. The offenses occurred on April 23 and 24, 1989, respectively. The appellant was arrested on April 28, 1989, and at that time was wearing a gold necklace which the second victim identified as having been stolen from her apartment. In addition, it was established by photographic and other evidence that he had used her automatic teller machine card in the interim to remove money from her bank account.

1. The appellant contends that his trial counsel provided ineffective representation by failing to cross-examine the second victim on the issue of whether she and the appellant had a prior relationship, failing to "pursue" certain photographic evidence which would have substantiated the existence of such a prior relationship, failing to present expert testimony rebutting fingerprint and other identification

evidence presented by the state, and failing to object to hearsay testimony regarding the statements the victims had given to police officers soon after the rapes occurred. However, the latter testimony was merely cumulative of the victims' testimony at trial; and the appellant has not, to this date, established that any exculpatory evidence of any kind existed which was not introduced at trial.

"(T)he burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below 'an objective standard of reasonableness' *and* (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cits.]" *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97) (1991). In view of the overwhelming evidence of the appellant's guilt, the trial court clearly did not err in concluding that the appellant had failed to meet the second prong of that burden in this case.

2. The appellant contends that the trial court erred in denying his motion to suppress a pick axe and sledge hammer which had been seized from his car at the time of his arrest. He does not argue that the search of the vehicle was itself unlawful but merely that the seizure of these particular items was unauthorized because the warrant on which the search was based neither mentioned them nor contained any information suggesting that they had been used in the commission of a crime. However, even accepting this latter contention as true, it appears that the vehicle was lawfully impounded following the appellant's arrest and that the tools in question were included in the inventory of the items contained therein. Consequently, this enumeration of error is also without merit. See *State v. Gilchrist*, 174 Ga. App. 499 (1) (330 SE2d 430) (1985).

3. In his opening statement, defense counsel asserted that the testimony of three witnesses, including the appellant himself, would be crucial to the case; and he urged the jury "to examine them [and] listen to them very closely." However, the appellant did not testify at trial; and the appellant contends that under the circumstances, the following portion of the state's closing argument must be viewed as an improper comment on his failure to do so: "I ask you to keep in mind that we told you in opening statement what we thought the State's evidence would show, and I ask you to think through the evidence . . . and ask yourselves if we did what we said we would do. And I also want you to think back on defense counsel's opening and ask yourselves if they did what they said they would do."

This contention is also without merit. Defense counsel additionally predicted in his opening statement that the evidence would show that the second victim knew the appellant intimately prior to the alleged rape and had used her automatic teller machine card previously. Because no such evidence was in fact presented, the jury could rea-

sonably have interpreted the state's attorney's comment as a reference to that omission rather than as a reference to the appellant's failure to testify. " ' "To reverse for improper comment by the prosecutor, we must find one of two things: 'that the prosecutor's manifest intention was to comment upon the accused's failure to testify' or that the remark was 'of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' (Cits.)" (Cit.)' [Cit.] . . . 'Inasmuch as there is another equally plausible explanation for the prosecutor's statement, we cannot conclude that it was intended to comment on appellant's failure to testify or that the jury would naturally take it to be such a comment.' [Cit.]" *Givens v. State*, 199 Ga. App. 709-710 (405 SE2d 898) (1991). See also *Smith v. State*, 245 Ga. 205, 207 (264 SE2d 15) (1980).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur in Divisions 1 and 3, and in the judgment.*

DECIDED MARCH 4, 1992.

*McGuire, Cook & Martin, John J. Martin, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Gregory A. Adams, John G. Guise, Assistant District Attorneys*, for appellee.