A94A2313. DAY v. THE STATE.
(453 SE2d 73)

ANDREWS, Judge.

Pursuant to a multi-count indictment, Day was convicted in 1990 of six counts of burglary, two counts of rape, and one count of aggravated assault. An order of nolle prosequi was entered on thirteen additional counts of the indictment, including six counts of burglary, three counts of rape, three counts of aggravated assault, and one count of possession of a knife during the commission of a crime. Day was sentenced to consecutive life sentences on the rape convictions. All the convictions were affirmed by this court in *Day v. State,* 203 Ga. App. 186 (416 SE2d 548) (1992).

In January 1994, Day filed a motion in the trial court contending the consecutive life sentences on the two rape convictions were void and a motion seeking discharge and acquittal pursuant to his written demand for a speedy trial on the thirteen counts on which an order of nolle prosequi was entered. He appeals from the trial court's order denying the motions.

1. "Although appellant did not challenge the validity of his sentence in his first appeal, if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time." (Citations and punctuation omitted.) *Jefferson v. State,* 205 Ga. App. 687 (423 SE2d 425) (1992); *Gonzalez v. State,* 201 Ga. App. 437, 438 (411 SE2d 345) (1991). Day claims the imposition of consecutive life sentences was void because it deprived him of the right to receive a determinate sentence under former OCGA § 17-10-1 (a) (1). Since under that statute the trial judge was authorized to impose sentence "within the minimum and maximum prescribed by law as the punishment for the crime," there was no error in imposition of the consecutive life sentences. See *Jefferson v. State,* 209 Ga. App. 859, 862-863 (434 SE2d 814) (1993); OCGA § 16-6-1 (b). The trial

court did not err by denying the motion.

2. Day contends his written demand for a speedy trial pursuant to OCGA § 17-7-171 (see *Bailey v. State*, 209 Ga. App. 390 (1) (433 SE2d 610) (1993)), filed shortly after he was indicted, entitles him to discharge and acquittal on the 13 counts on which an order of nolle prosequi was entered. "The entry of an order of nolle prosequi in a case does not prevent a defendant as a matter of law from claiming the benefits of OCGA § 17-7-[171]. [Cit.]" *Ciprotti v. State*, 187 Ga. App. 61, 63 (2) (369 SE2d 337) (1988). Nevertheless, to the extent the statute of limitation has run on any of the 13 offenses at issue, there is no threat of re-indictment and the issue is moot. Compare *Coker v. State*, 181 Ga. App. 559, 560 (353 SE2d 56) (1987); see *Kyles v. State*, 254 Ga. 49 (326 SE2d 216) (1985); *State v. Davis*, 201 Ga. App. 533, 534 (411 SE2d 555) (1991). To the extent the statute of limitation has not run on any of the offenses, Day is entitled to a hearing to determine whether or not he should be discharged and acquitted pursuant to the provisions of OCGA § 17-7-171. The trial court's order denying this motion is reversed and the case is remanded for a hearing to address these issues.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Beasley, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 14, 1994 —
RECONSIDERATION DENIED JANUARY 9, 1995.

Roger C. Day, *pro se.*

J. Tom Morgan, District Attorney, Desiree S. Peagler, Assistant District Attorney, for appellee.