## A99A2458. DAY v. THE STATE.
### (531 SE2d 781)

RUFFIN, Judge.

Roger Day was convicted in 1990 of burglary, rape, and aggravated assault, and he was sentenced to two consecutive life sentences on the rape charges. We affirmed his convictions in 1992.[1] He now appeals the trial court's denial of three post-trial motions. For reasons that follow, we affirm.

1. In his first enumeration, Day asserts that the trial court erred in denying his motion for a hearing on his claim for a return of property. Day first filed a motion for return of property on February 10, 1992, seeking certain items which he alleged had been seized from his vehicle but not used as evidence in his trial. The trial court denied Day's motion in an order entered on April 9, 1992, and Day appealed. We transferred Day's appeal to the Supreme Court because he was seeking an extraordinary remedy in the nature of a writ of

---

[1] *Day v. State*, 203 Ga. App. 186 (416 SE2d 548) (1992).

mandamus. On February 5, 1993, the Supreme Court affirmed the trial court's ruling without opinion.

In 1997, Day filed a second motion for return of property. The trial court denied Day's motion, and he again appealed. We dismissed that appeal.

In 1998, Day filed a motion for a hearing on his claim for return of property. The trial court denied the motion on the ground that it was not properly before that court. Day now appeals that ruling, arguing that the trial court should have granted a hearing pursuant to OCGA § 17-5-50 (b) (3). We disagree.

Although the law of the case rule has been statutorily abolished, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."[2] There is an exception to this rule when the evidentiary posture of the case changes such that "the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented."[3] The trial court denied Day's claim for return of his property in 1992, and the Supreme Court affirmed that denial in 1993. Day shows no change in the evidentiary posture of the case; in fact, he relies on a transcript of a pretrial hearing conducted in 1990 — before he filed his first motion for return of the property — as support for his right to the property. Accordingly, the Supreme Court's 1993 ruling is binding here and prohibits Day from relitigating his claim for return of property.[4]

2. Next, Day contends that the trial court erred by denying his motion to correct a void sentence. Day filed his first motion to correct his sentence in 1994, alleging that the trial court erred by sentencing him to consecutive life sentences on his rape convictions. Day argued that he was entitled to a determinate sentence under OCGA § 17-10-1. The trial court denied Day's motion, and Day appealed. We affirmed, holding that the consecutive life sentences were "within the minimum and maximum prescribed by law as the punishment for the crime" and thus were authorized under OCGA § 17-10-1 (a) (1).[5]

In 1999, Day filed a second motion to correct his sentence, again arguing that OCGA § 17-10-1 entitles him to a determinate sentence on his rape convictions. The trial court denied Day's motion, and Day now appeals.

---

[2] OCGA § 9-11-60 (h).

[3] (Punctuation omitted.) *In re Spruell*, 237 Ga. App. 259, 260 (515 SE2d 190) (1999).

[4] The motion at issue here is for a hearing on Day's claim to the property rather than for the actual return of the property. This is a distinction without a difference, however, because the only reason to hold a hearing would be to determine whether Day is entitled to the property — and that issue has already been decided by the Supreme Court.

[5] (Punctuation omitted.) *Day v. State*, 216 Ga. App. 29 (1) (453 SE2d 73) (1995).

Once again, we have already decided this issue. Our previous ruling that the trial court did not violate OCGA § 17-10-1 by imposing consecutive life sentences for Day's rape convictions is binding. Day contends that his argument is different this time and that we have not considered it before. Specifically, Day asserts that OCGA § 17-10-1 repealed by implication OCGA § 16-6-1 (b), which authorizes a sentence of life imprisonment for rape. The fact that Day's second motion to correct his sentence presents his argument in a slightly different manner does not alter the binding effect of our previous opinion. In the absence of a change in the evidence or the law, Day is not entitled to multiple bites at the apple. Moreover, we have specifically held that OCGA § 17-10-1 authorizes the imposition of any sentence within the minimum and maximum prescribed by law, including a life sentence.[6]

3. On November 17, 1998, Day filed a "Motion to Vacate Judgment, Verdict and Orders Obtained by Perjury." In the motion, Day alleged that two witnesses for the State who testified at his trial that Day's palmprint was found at the scene of the crime perjured themselves. The trial court denied this motion.

Under OCGA § 17-1-4, we may set aside a conviction that was obtained "in consequence of corrupt and willful perjury." We may do so, however, only if the witness in question was convicted of perjury and the defendant's conviction could not have been obtained without that witness's testimony.[7] Day presents no evidence that either witness for the State was convicted of perjury. He also fails to show that the testimony at issue was essential for his conviction. We note, in this regard, that in our affirmance of Day's conviction, we characterized the evidence of his guilt as "overwhelming."[8] Accordingly, we find no error in the trial court's denial of Day's motion.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

Decided March 20, 2000 — 

Roger C. Day, *pro se.*
J. Tom Morgan, District Attorney, Maria Murcier-Ashley, *Assistant District Attorney,* for appellee.

---

[6] See *Williams v. State,* 214 Ga. App. 421, 422-423 (4) (447 SE2d 714) (1994).
[7] OCGA § 17-1-4; see also *Ashley v. State,* 263 Ga. 820, 823 (3) (c) (439 SE2d 914) (1994).
[8] *Day v. State,* 203 Ga. App. at 186.