## A01A2169. DAY v. THE STATE.
(562 SE2d 252)

SMITH, Presiding Judge.

In 1990, Roger C. Day was convicted of burglary, rape, and aggravated assault, and his conviction was affirmed by this court. *Day v. State*, 203 Ga. App. 186 (416 SE2d 548) (1992) (full concurrence as to Divisions 1 and 3). Since that time, Day has filed numerous appeals. See, e.g., *Day v. State*, 242 Ga. App. 899 (531 SE2d 781) (2000); *Day v. State*, 216 Ga. App. 29 (453 SE2d 73) (1995). In this pro se appeal, he contends that the trial court erroneously denied his "motion to vacate for lack of courts jurisdiction Count 14 [sic]." We find no error, and we affirm.

1. The State's motion to dismiss the appeal on grounds of res judicata and collateral estoppel is denied. Day contends that his conviction is void, and a void judgment may be attacked at any time. See OCGA § 17-9-4; *Barrett v. State*, 183 Ga. App. 729-730 (1) (360 SE2d 400) (1987), overruled on other grounds, *Gonzalez v. Abbott*, 262 Ga. 671, 673 (425 SE2d 272) (1993).

2. Although we deny the State's motion to dismiss, we find no merit in Day's argument that the trial court did not have personal jurisdiction or that the State did not prove venue. The case was tried in DeKalb County. Count 14 of the indictment charged him with committing burglary "in the building of Wilwat Properties, doing business as Tree Hills Apts., located at 1420 South Harriston Road." Day argues that "1420 South Harriston Road" does not lie in DeKalb County, although he appears to concede that testimony at trial showed that "a crime of burglary took place in DeKalb County at 1420 South Hairston Street, Stn. Mnt., Ga."

As best we understand his argument, Day contends the trial court could not have had jurisdiction over him because the address charged in the indictment did not exist in DeKalb County. To the extent that Day argues a fatal variance between the allegation as charged in the indictment and the proof at trial, the street address was a clerical error which could not have misled Day "in any manner that surprised him at trial or impaired his defense. Nor can he be subjected to another prosecution for the same offense." *Jackson v. State*, 217 Ga. App. 485, 490 (5) (458 SE2d 153) (1995) (physical precedent only). See also *Finley v. State*, 252 Ga. App. 66-67 (1) (555 SE2d 523) (2001). The trial court correctly concluded that "the indictment is specific on its face. Even if the street name is misspelled, Mr. Day had adequate notice from the indictment's listing of the apartment complex name to secure an appropriate defense." The specific location was not an element of the crime charged against Day, and the precise "location charged in the indictment was mere surplusage. [Cits.]" *Hunt v. State*, 219 Ga. App. 741, 744 (4) (466 SE2d 894) (1995). Finally, we note that the State introduced some evidence at trial that the crime charged in Count 14 occurred in DeKalb County. The judgment of conviction with respect to Count 14 of the indictment is not void, and the trial court did not err in denying Day's motion to vacate.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 18, 2002.

Roger C. Day, *pro se.*

J. Tom Morgan, District Attorney, Jeanne M. Canavan, Assistant District Attorney, for appellee.