## S05A1641. DAVIS v. WILSON.
### (622 SE2d 325)

SEARS, Chief Justice.

The appellant, Gerald Davis, appeals from the trial court's ruling that his petition for mandamus relief was moot. For the reasons that follow, we reverse.

In April 2004, Davis was indicted for speeding and weaving, and he filed a demand for speedy trial under OCGA § 17-7-170. In December 2004, Davis filed a motion for discharge and acquittal, contending that the State had not complied with his demand for speedy trial. On January 4, 2005, the appellee, Judge Thomas H. Wilson, entered an order of nolle prosequi on Davis's case. In March 2005, Davis filed the present petition for writ of mandamus in which he prayed that the court issue an order directing Judge Wilson to enter an order on his motion for discharge and acquittal. In June 2005, the trial court ruled that Davis's petition for writ of mandamus was moot because of the entry of the nolle prosequi.

Contrary to the trial court's ruling, however, the entry of a nolle prosequi does not render moot a defendant's motion for discharge and acquittal based on the State's failure to comply with a demand for speedy trial.[1] One reason for this rule is that, after a nolle prosequi, the State may reindict a defendant for the crimes at issue "within the applicable statute of limitation, or within six months after the entry of the nolle pros if that occurs later."[2] Thus, here, the State still has the authority to reindict Davis for speeding and weaving.[3]

For these reasons, the trial court erred by ruling that the nolle prosequi rendered Davis's petition for writ of mandamus moot. We therefore reverse the trial court's judgment and remand the case for the trial court to consider other issues regarding Davis's request for

---

[1] *Coker v. State,* 181 Ga. App. 559, 560 (353 SE2d 56) (1987); *Ciprotti v. State,* 187 Ga. App. 61, 63 (369 SE2d 337) (1988); *Bond v. State,* 212 Ga. App. 608, 609-610 (442 SE2d 482) (1994); *Day v. State,* 216 Ga. App. 29, 30 (453 SE2d 73) (1994).

[2] *Carlisle v. State,* 277 Ga. 99, 101 (586 SE2d 240) (2003).

[3] See OCGA § 17-3-1 (d) (statute of limitation on misdemeanors is two years).

mandamus relief which have not been developed on the record due to the trial court's ruling that Davis's mandamus petition was moot.[4]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Herbert Shafer*, for appellant.
*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.

---

[4] These issues include the appellee's contention that Davis did not properly serve his demand for speedy trial on the trial judge to whom his criminal case was assigned, as required by OCGA § 17-7-170 (a).