A05A2319. WILLIAMS v. THE STATE.
(627 SE2d 808)

ANDREWS, Presiding Judge.

A jury found Immanuel Williams guilty of voluntary manslaughter and the trial court sentenced him initially to fifteen years with twelve to serve and three years probated. Williams filed a motion to modify the sentence, and the court resentenced him to twenty years to serve nine, and eleven years probated. In *Williams v. State*, 273 Ga. App. 42 (614 SE2d 146) (2005), Williams appealed that modification, arguing that the court had actually increased his sentence and this constituted double jeopardy. This Court agreed. See id. at 47, in which

this Court vacated Williams's sentence and remanded the case to the trial court for resentencing.

On resentencing, the trial court reinstated Williams's original sentence. Although Williams received what he asked for in his first appeal, namely that the modified sentence be vacated, he nevertheless filed this second appeal, arguing that being resentenced to his original sentence was an impermissible increase over the modified sentence. He claims that this increased sentence violates his due process rights because it was a result of vindictive sentencing. See *North Carolina v. Pearce*, 395 U. S. 711, 723 (89 SC 2072, 23 LE2d 656) (1969); *Anthony v. Hopper*, 235 Ga. 336, 337 (219 SE2d 413) (1975) ("There is no absolute constitutional bar to imposing a more severe sentence upon resentencing, but vindictiveness must not be the motivating force behind the increased sentence.").

This argument fails for at least two reasons. First, Williams is judicially estopped from asserting this claim. He initially claimed that the court erred and he was harmed because his *modified* sentence, which increased his total sentence five years and his probation time by eight years was an *impermissible increase* over his original sentence. See *Williams*, supra at 46 ("Williams contends that the trial court erred by increasing his sentence after he had already begun serving it."). Williams now comes before this Court contending the opposite, that it is his *original* sentence that is an *increased* sentence over the modified sentence because it contains three more years to serve than the modified sentence.

Williams has put himself in an untenable position. Under the doctrine of judicial estoppel, a party is precluded from asserting a position in a judicial proceeding that is inconsistent with a position that party previously asserted successfully in a prior proceeding. See, e.g., *Gantt v. State*, 263 Ga. App. 102, 105 (587 SE2d 255) (2003); *Stinson v. State*, 256 Ga. App. 902, 903 (569 SE2d 858) (2002). That is what Williams attempts to do in this appeal. He is accordingly estopped from making this claim of error.

Second, although the "law of the case" rule has been statutorily abolished, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). This law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. See *Roulain v. Martin*, 266 Ga. 353, 354 (466 SE2d 837) (1996). There is an exception to this rule when the evidentiary posture of the case changes such that "the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented." (Punctuation omitted.) *Day v. State*, 242 Ga. App. 899, 900 (531 SE2d 781) (2000). The

evidentiary posture of this case has not changed since our previous decision in *Williams*, supra; therefore, the "law of the case" rule applies and that previous decision is binding on this Court.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 10, 2006 —
RECONSIDERATION DENIED MARCH 2, 2006 — ▮▮▮▮▮▮▮

*Sarah L. Gerwig-Moore, M. Amy Vosburg-Casey*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.