A05A1748, A05A1749. PIERCE v. THE STATE; and vice versa.
(628 SE2d 235)

BARNES, Judge.
    In Case No. A05A1748, Justin G. Pierce appeals his conviction for driving under the influence of alcohol and speeding, and in Case No. A05A1749, the State contends the trial court imposed an illegal

sentence upon Pierce. Because these appeals arise from the same trial, we have consolidated them for disposition by this court.

In an earlier appeal, *State v. Pierce*, 266 Ga. App. 233 (596 SE2d 725) (2004), this court reversed the trial court's grant of Pierce's motion to suppress the results of the Intoxilyzer 5000 and statements about the horizontal gaze nystagmus (HGN) tests obtained when he was arrested for speeding and driving under the influence because the trial court found that no *Miranda* warnings were given. Id. at 234-238 (1), (2). The facts are stated in detail in that opinion. Id. at 233-234.

After the remand to the trial court, Pierce was convicted of driving with a blood alcohol concentration of 0.08 or more and of speeding. Pierce argues in this appeal that the results of his breath test must be excluded because the officer could not recall giving him the blood alcohol test, the trial court erred by holding that Pierce was not in custody at the time of the tests, and by ruling that testimony concerning the HGN test was admissible. He also contends the officer lacked probable cause to arrest him and the Intoxilyzer 5000 certificates were inadmissible under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). We disagree and affirm.

In its appeal, the State contends the trial court erred by not sentencing Pierce to at least 72 hours confinement as required by OCGA § 40-6-391 (c) (2) (B). We agree and vacate the sentence imposed.

*Case No. A05A1748*

1. Pierce's contentions that the Intoxilyzer 5000 results and testimony about the HGN test were inadmissible were rejected by this court in *State v. Pierce*, supra, 266 Ga. App. at 234-238 (1)-(2), and his new argument for rejecting the HGN testimony, based upon *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005), also does not change that result.

> [A]lthough the "law of the case" rule has been statutorily abolished, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). This law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. See *Roulain v. Martin*, 266 Ga. 353, 354 (466 SE2d 837) (1996). There is an exception to this rule when the evidentiary posture of the case changes such that "the original evidence submitted is found to be insufficient, and

the deficient evidence is later supplemented." *Day v. State*, 242 Ga. App. 899, 900 (531 SE2d 781) (2000). The evidentiary posture of this case has not changed since our previous decision in [*Pierce*], supra; therefore, the "law of the case" rule applies and that previous decision is binding on this Court.

*Williams v. State*, 277 Ga. App. 841 (627 SE2d 808) (2006). Further, even when the law changes the earlier ruling, appellate rulings remain binding between parties to a case, so long as the evidentiary posture of the case remains unchanged. *Widener v. Ashkouti*, 239 Ga. App. 530 (1) (521 SE2d 215) (1999). Therefore, our earlier decision is controlling and these enumerations of error are without merit.

2. Pierce further contends that the results of the Intoxilyzer 5000 were inadmissible because the officer could not recall giving Pierce the test. The officer testified that while he had no current recollection of taking Pierce to the jail and testing his breath on the Intoxilyzer 5000, he knew that he did so, because it was "documented." He further testified that he knew he never lost sight of Pierce, that nothing went into Pierce's mouth, that Pierce did not burp or throw up, that the Intoxilyzer 5000 was working properly, and that Pierce submitted two breath samples because it was all documented in the reports and evidence sheets. Further, the Intoxilyzer 5000 printout that was introduced in evidence contained Pierce's full name, his date of birth, and his driver's license number. Without evidence to the contrary, Pierce's name, date of birth, and driver's license number on the printout were sufficient to establish that Pierce was the person who took the breath test. " 'Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary.' " (Citations omitted.) *Hunt v. State*, 219 Ga. App. 741, 744 (3) (466 SE2d 894) (1996). Accordingly, this enumeration is also without merit.

3. Pierce further argues that because the officer did not conduct the HGN test in accordance with the guidelines, the HGN results cannot provide probable cause to arrest him for driving under the influence. See *State v. Ellison*, 271 Ga. App. 898 (611 SE2d 129) (2005).

In addition to our prior ruling controlling the admissibility of the HGN test, we note that this is not a case in which the HGN test was the only basis for arresting Pierce. The arresting officer testified that he stopped Pierce for driving over 100 miles per hour, that after he stopped Pierce, he detected the odor of alcohol on Pierce's breath, Pierce's face was flushed and his eyes were watery, that Pierce stated he had consumed two or three beers, that he administered the walk and turn test, the one-leg stand and an alco-sensor test to Pierce, and

that he had to explain the instructions for the tests to Pierce several times before Pierce seemed to understand. *State v. Pierce*, supra, 266 Ga. App. at 233-234. Further, the officer testified that at the time he arrested Pierce he had dealt with 400 to 500 DUIs and had been "around impaired people thousands of times." Thus, from

> everything that [he] had seen and heard and smelled since [he] got on the scene, from the excess speed, unsafe reckless speed to flushed face, watery eyes, the odor of alcoholic beverage, the inability to follow instructions, and have to be explained several times to the inability to demonstrate the evaluation as instructed when he said he did understand the officer concluded that Pierce "was a less-safe driver" and placed him under arrest. The trial court did not abuse its discretion by overruling Pierce's objection.

4. Pierce's contention that the Intoxilyzer 5000 certificates were inadmissible as hearsay in violation of the confrontation clause in the Sixth Amendment of the United States Constitution is also without merit. The certificates are admissible under the business record exception to the hearsay rule. *Brown v. State*, 268 Ga. 76, 80-81 (485 SE2d 486) (1997). As business records, these certificates are not testimonial evidence prohibited by *Crawford. Rackoff v. State*, 275 Ga. App. 737, 740-741 (2) (621 SE2d 841) (2005).

### Case No. A05A1749

The State contends the sentence imposed by the trial court is illegal because it did not include at least 72 hours confinement as required by OCGA § 40-6-391 (c) (2) (B)[1] for defendants who are convicted of a second DUI within a five-year period.[2] The sentence

---

[1] For the second conviction within a five-year period of time, as measured from the dates of previous arrests for which convictions were obtained or pleas of nolo contendere were accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted: . . . (B) A period of imprisonment of not less than 90 days nor more than 12 months. The judge shall probate at least a portion of such term of imprisonment, in accordance with subparagraph (F) of this paragraph, thereby subjecting the offender to the provisions of Article 7 of Chapter 8 of Title 42 and to such other terms and conditions as the judge may impose; *provided, however, that the offender shall be required to serve not less than 72 hours of actual incarceration.* . . .
(Emphasis supplied.)

[2] This appeal is authorized by OCGA § 5-7-1 (a) (5) ("From an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state."); *State v. Jones*, 265 Ga. App. 493 (594 SE2d 706) (2004).

announced by the trial court concerning confinement was: "Mr. Pierce, the sentence I'm going to impose on Count 2, which is the DUI charge, is that you serve 12 months. That can be served on probation with the exception of 30 days to be served in house arrest." When the State pointed out that OCGA § 40-6-391 (c) (2) (B) required that the defendant serve not less than 72 hours of incarceration, the court stated that, "I'm going to consider that the incarceration be satisfied by the house arrest." House arrest is not incarceration; "[s]uch limited confinement does not constitute incarceration, which refers to continuous and uninterrupted custody in a jail or penitentiary." (Citation and punctuation omitted.) *McKinney v. State*, 240 Ga. App. 812, 815 (2) (525 SE2d 395) (1999). Further, Black's Law Dictionary (6th ed.) defines "incarceration" as imprisonment or confinement in a jail or penitentiary. Thus, the trial court erred by not sentencing Pierce to at least 72 hours of actual incarceration.

Accordingly, we must vacate the sentence of the trial court and remand the case for resentencing in accordance with this opinion.

*Judgment affirmed in Case No. A05A1748. Judgment vacated with direction in Case No. A05A1749. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 10, 2006 —

*Head, Thomas, Webb & Willis, Gregory A. Willis,* for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Gary S. Vey, Jason R. Samuels, Assistant Solicitors-General,* for appellee.

