# Court of Appeals
# of the State of Georgia

ATLANTA,  September 08, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0059.  MAURICE CARTER v. THE STATE.**

In 2011, Maurice Carter pled guilty to several offenses, including robbery and kidnapping.  In August 2014, he filed a pro se motion to set aside, alleging that his judgment of conviction is void due to problems with the arrest warrant and grand jury proceedings.  He subsequently filed several additional pleadings in the case, including a February 2016 petition for a writ of mandamus, in which he complained about the court's failure to rule on his motion to set aside.  On September 29, 2016, Carter filed a notice of appeal.

In his notice of appeal, Carter acknowledges that the trial court has not ruled on his motion to set aside or his petition for mandamus relief.  He contends that his appeal is nevertheless permissible, citing *Ciprotti v. State*, 187 Ga. App. 61, 63 (1) (369 SE2d 337) (1988).  In *Ciprotti*, however, the trial court issued a letter advising the movant that the court would not be ruling on his motion because it had determined that a nolle prosequi had rendered the motion moot.  The movant appealed, and we concluded that, under the unique circumstances of the case, the letter constituted a ruling on the motion – namely, a denial on the grounds of mootness.  Id.  Here, unlike in *Ciprotti*, the record does not include any letter documenting a refusal by the trial court to rule on Carter's motion.  In addition, there is no letter documenting a refusal by the trial court to rule on Carter's petition for mandamus.  Consequently, *Ciprotti* does not give Carter a right of appeal.

Given the apparent absence of a trial court order, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010).  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　*Clerk's Office, Atlanta,* _09/08/2017_
　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____ *, Clerk.*