# Court of Appeals
# of the State of Georgia

ATLANTA,  April 19, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1769.  ROGER C. DAY v. THE STATE.**

In 1990, Roger C. Day was convicted of six counts of burglary, two counts of rape, and one count of aggravated assault, for which he was sentenced to two consecutive life sentences for the rape convictions, plus an additional 100 years to serve on the remaining convictions.  Day has had multiple appeals in this Court.  His convictions were affirmed on appeal. *Day v. State*, 203 Ga. App. 186 (416 SE2d 548) (1992).  Day then challenged his sentence as void, but we found no error in the imposition of consecutive life sentences. *Day v. State*, 216 Ga. App. 29 (453 SE2d 73) (1994).  We then addressed multiple post-trial motions filed by Day, including another motion to correct a void sentence, in which Day asserted his sentence was improperly enhanced based on a prior conviction.  We found no merit in any of the motions. *Day v. State*, 242 Ga. App. 899 (531 SE2d 781) (2000).  Day then appealed the denial of another motion to vacate a void sentence, which we dismissed on res judicata grounds in an unpublished decision. *Day v. State*, Case No. A02A0596 (decided July 9, 2002).  In 2018, Day filed another motion to vacate a void sentence, again asserting that his sentence was improperly enhanced.  The trial court dismissed his motion, and Day filed this direct appeal.

The present appeal is from the denial of Day's third challenge to his sentence. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).  In light of Day's previous appeals, we are precluded from revisiting the issue. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well

established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon." (punctuation omitted); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (while a void sentence is a nullity and may be vacated at any time, it is still subject to res judicata and law-of-the-case rule; defendant is "not entitled to multiple bites at the apple"). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 04/19/2019*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

          *, Clerk.*