**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 22, 2024**

# In the Court of Appeals of Georgia

A24A0397. JORDAN v. THE STATE.

DILLARD, Presiding Judge.

The State indicted Robert Jordan on charges of murder, felony murder, aggravated assault, and concealing the death of another. And while Jordan awaited trial, the State charged him—via a separate indictment—with influencing a witness. Following Jordan's convictions on the initial charges, the State informed him of its intent to place the influencing-a-witness case on the dead docket. Jordan objected and filed a plea in bar, seeking dismissal of the case because his constitutional right to a speedy trial had been violated. The State then sought an order of *nolle prosequi*, which the trial court granted. On appeal, Jordan contends the trial court erred by entering this order without hearing his plea in bar. For the following reasons, we affirm.

In 2019, the State charged Jordan, via indictment, with one count each of malice murder, felony murder, aggravated assault, and concealing the death of another. Jordan was detained in the Oglethorpe County Jail while awaiting trial on those charges. A bit later, on July 16, 2021, the Oglethorpe County Magistrate Court issued an arrest warrant, alleging that on July 4, 2021, Jordan induced a person to misrepresent material facts relevant to the pending murder prosecution. In response, Jordan's counsel in the pending murder case entered an appearance in this one and filed a host of general pretrial motions, including an assertion of his client's right to a speedy trial under the federal and Georgia constitutions. The State then charged Jordan—in a separate indictment—with one count of influencing a witness; and on January 10, 2022, Jordan waived arraignment and pleaded not guilty.

On March 28, 2022, Jordan was convicted on the charges in the 2019 indictment, and the trial court imposed a sentence of life imprisonment without the possibility of parole. The influencing-a-witness case remained pending but was not placed on any calendar for the remainder of that year. Then, on January 31, 2023, the trial court issued an order placing several criminal cases—including Jordan's—on the trial calendar for April 10, 2023. In doing so, the court noted that any case not reached

2

in April would be placed on the August 7, 2023 trial calendar. And although Jordan announced he was ready for trial, his case was not reached in April; so it was then placed on the August trial calendar.

On June 19, 2023, Jordan's counsel notified the trial court that his client was ready for trial and had no pretrial motions that needed to be heard. But on August 1, 2023, the State notified Jordan's counsel it intended to request that the court place the case on the dead docket until the resolution of Jordan's appeal of his murder conviction, after which—if it prevailed—it would dismiss the influencing-a-witness case. Jordan immediately filed a motion objecting to the State's request to dead-docket the case and seeking a dismissal based on a violation of his constitutional right to a speedy trial.

Later on, the trial court informed Jordan that he could appear by video teleconference for the trial calendar on August 7, 2023. But Jordan immediately objected, demanding that he be allowed to appear in person as he was ready for trial. The State then responded that if placing the case on the dead docket required transporting Jordan from where he was incarcerated to the courthouse, it would, instead, move for an entry of *nolle prosequi*. And in fact, on August 7, 2023 (with

Jordan appearing by video teleconference), the State moved—over Jordan's objection—for an entry of *nolle prosequi* on the influencing-a-witness charge. The trial court granted the State's motion, and this appeal follows.

In his sole enumeration of error, Jordan claims the trial court erred by entering an order of *nolle prosequi* without hearing his plea in bar to dismiss the case based on the State's alleged violation of his constitutional right to a speedy trial. We disagree.

OCGA § 17-8-3 provides: "After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court," but "[a]fter the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant." And importantly, it is the duty of the district attorney to "determine whether it is in the public interest to recommend to the trial court that an order of nolle prosequi be entered in a case, and when there is a recommendation that such an order be entered, it is within the discretion of the trial court whether to follow the recommendation."[1]

---

[1] *Sanders v. State*, 280 Ga. 780, 782 (1) (631 SE2d 344) (2006); *accord Broomfield v. State*, 264 Ga. 145, 147 (2) (442 SE2d 242) (1994).

Significantly, an order of *nolle prosequi* "may be entered without the consent of the accused at any time prior to the attachment of jeopardy."[2]

Here, no jury had been empaneled or sworn for a trial on the influencing-a-witness charge, and so jeopardy had not attached when the trial court granted the State's motion for an order of *nolle prosequi*.[3] Even so, Jordan argues the trial court erred by entering an order of *nolle prosequi* without hearing his motion to dismiss based on the State's alleged violation of his federal and state constitutional right to a speedy

---

[2] *Sanders*, 280 Ga. at 782 (1); *see Layman v. State*, 280 Ga. 794, 794-95 (631 SE2d 107) (2006) (holding that "[u]nder the plain language of OCGA § 17-8-3 . . . the State does not need the defendant's consent to obtain an order of nolle prosequi before the case has been submitted to a jury"); *McIntyre v. State*, 189 Ga. App. 764, 765 (1) (377 SE2d 532) (1989) (explaining that "[a] nolle prosequi pursuant to OCGA § 17-8-3 may be entered without the consent of the accused at any time prior to the attachment of jeopardy").

[3] *See Harvey v. State*, 296 Ga. 823, 830 (2) (a) (770 SE2d 840) (2015) ("Once a jury is impaneled and sworn, jeopardy attaches, and the defendant normally has a right to have her trial completed by that particular tribunal." (punctuation omitted)); *Johnson v. State*, 361 Ga. App. 43, 49 (2) (861 SE2d 660) (2021) (same).

trial.[4] And in support of this contention, Jordan relies on this Court's decision in *Ciprotti v. State*;[5] but *Ciprotti* is not controlling in this case.

The defendant in *Ciprotti* filed a demand for speedy trial under OCGA § 17-7-170 shortly after being indicted.[6] The defendant's counsel then withdrew, and newly appointed counsel obtained a postponement of the case in order to obtain records relevant to the charges.[7] The State then—in light of the postponement—moved to dismiss the defendant's speedy-trial demand, which the trial court granted; but the court continued the case twice after that.[8] A month or so later, the defendant—who was now proceeding *pro se*—filed a motion for *autrefois acquit* because she had been

---

[4] *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."); Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a) ("In criminal cases, the defendant shall have a public and speedy trial[.]").

[5] 187 Ga. App. 61 (369 SE2d 337) (1988).

[6] *Id.* at 61; *see* OCGA § 17-7-170 (a) ("Any defendant against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, the defendant may at any subsequent court term thereafter demand a speedy trial.").

[7] *See Ciprotti*, 187 Ga. App. at 61-62.

[8] *See id.* at 62.

acquitted as a matter of law (as provided by OCGA § 17-7-170 (b)),[9] having not been tried when her demand for speedy trial was made or at the next succeeding regular court term.[10] Two months later, the trial court granted the State's request for *nolle prosequi* over the defendant's objection.[11]

Reversing the trial court's ruling in *Ciprotti*, we held that "entry of an order of nolle prosequi in a case does not prevent a defendant as a matter of law from claiming the benefits of OCGA § 17-7-170."[12] And here, Jordan argues his motion to dismiss based on a violation of his constitutional right to a speedy trial similarly should have been heard despite the State's request for an entry of an order of *nolle prosequi*. But the basis for our reversal in *Ciprotti* was inextricably intertwined with the *statutory* demand for speedy trial under OCGA § 17-7-170 and its explicit directive that a defendant who has not been tried at the term when her speedy trial demand was made or at the next

---

[9] *See* OCGA § 17-7-170 (b) ("If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.").

[10] *See Ciprotti*, 187 Ga. App. at 62-63.

[11] *See id.*

[12] *Id.* at 64 (2).

7

succeeding regular term "is *automatically discharged and acquitted by operation of law*."[13] There is no such basis here because Jordan did not assert a right to a speedy trial under OCGA § 17-7-170. Rather, his assertion of a right to a speedy trial was made under the Sixth Amendment to the United States Constitution and Article I, Section I, Paragraph XI (a) of the Georgia Constitution.[14] Consequently, Jordan's argument is easily distinguished from the successful contention made in *Ciprotti*. Thus, the trial court did not err by entering an order of *nolle prosequi* without hearing Jordan's plea in bar to dismiss the case.[15]

For all these reasons, we affirm the ruling of the trial court.

*Judgment affirmed. Brown and Padgett, JJ. concur.*

---

[13] *Coker v. State*, 181 Ga. App. 559, 560 (353 SE2d 56) (1987) (emphasis supplied).

[14] *See supra* note 3 & accompanying text.

[15] *See Layman*, 280 Ga. at 794-95 (holding that trial court did not err in granting State's request for an entry of *nolle prosequi* despite the fact that defendant's pending motion to quash the indictment would have likely resulted—under OCGA § 17-7-53.1—in barring the State from further attempts to prosecute defendant); *McIntyre*, 189 Ga. App. at 764 (1) (explaining the entry of nolle prosequi without consent of defendant was not error); *see also United States v. MacDonald*, 456 U.S. 1, 7 (II) (102 SCt 1497, 71 LE2d 696) (1982) ("The Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges."); *Heard v. State*, 295 Ga. 559, 564 (2) (c) (761 SE2d 314) (2014) (same).